John S. Dill *et al.,* Plaintiffs in Error, *v.* The Wabash Valley Railroad Company, Defendant in Error.

### ERROR TO COLES.

A railroad company cannot be enjoined from collecting instalments on subscriptions for stock because the money may be expended in extending the road beyond the county in which the stockholders reside, unless the contract of subscription expressly stipulated that the money should be expended in such county.

If there was any such condition in the subscription, it should be clearly and positively stated in the bill.

A verbal agreement or understanding to that effect, would constitute no defense to the liability of the stockholders on the contract.

The insolvency of a railroad company is no ground for restraining collection of subscriptions for stock.

This was a bill in chancery, filed by Dill and others against the Wabash Valley Railroad Company, to enjoin said company from collecting judgments obtained against the complainants for thirty-five per cent. on the capital stock subscribed by them to said company, and also from instituting suits to coerce the collection of the residue of the stock subscribed by complainants to said road, upon the grounds that according to the terms of the said subscription, the stock was to be used and expended in the construction of said road through the county of Edgar, and not elsewhere, and that it was to be located and put under contract immediately. They allege that since the rendition of the judgments aforesaid, the company have become hopelessly insol-

vent, that they have failed to locate and put the road under contract through Edgar county, and that they are collecting and misapplying said stock by using it in other counties, and for other purposes, and that unless they are enjoined, they will coerce the collection of all said stock, and use and apply it in violation of the terms and stipulations upon which it was subscribed, and that complainants are remediless at common law.

The defendants filed a general demurrer to the bill, which was sustained by the court, EMERSON, Judge, and the bill dismissed, and judgment against the complainants for costs and damages, to which judgment of the court the complainants excepted at the time, and assign the same for error.

A. GREEN, for Plaintiffs in error.

READ & BLACKBURN, for Defendant in Error.

CATON, C. J. The demurrer to this bill was properly sustained. It does not show that there was any condition attached to or embodied in the contract of subscription that the money should be expended in Edgar county. Were there any such condition in the subscription which the defendant was about to violate, it should have been clearly and positively stated in the bill. In the absence of such averment, we cannot intend it, as the bill must be most strongly taken against the complainants: at least, it must be presumed they have stated their whole case, and it must be required of them to set forth enough to entitle them to the relief asked. If the supposed condition was not expressed in the contract of subscription, but rested in a verbal understanding or agreement at the time the subscription was made, it can constitute no defense to the liability on the contract, either in law or equity. That writing, like all other written contracts, must be held to embrace the whole contract, and cannot be varied by parol. If there were any of the parties who did not execute the contract themselves, or authorize others to execute it for them, they should have made that defense at law under the plea of *non est factum*. But even if they could now interpose that defense as a ground for an injunction, to restrain the collection of the judgments, it is not shown which of the complainants did not authorize the execution of the unconditional subscription.

The insolvency of the company can constitute no ground for restraining the collection of these judgments. Indeed it shows the more urgent reason why they should be collected. It is due to the creditors of the company that it should make available all its resources, and faithfully apply the proceeds to the

payment of its debts. The complainants cannot, now that the enterprise has proved a losing concern, separate themselves from the other stockholders, who have advanced their money towards its execution, when, had it proved successful and profitable, they would perhaps, have been among the first to step forward to claim their dividends and enjoy its benefits. We cannot foster a disposition, which is now too prevalent, to evade responsibilities when a loss is anticipated by parties, who would be entitled to benefits had success crowned their efforts. Those who would share the profits, must endure the losses. The bill shows no ground for the injunction, and the decree must be affirmed.

*Decree affirmed.*