The Tonica and Petersburg Railroad Company, Plaintiff in Error, *v.* Jacob Stein, Defendant in Error.

ERROR TO MENARD.

Where the defendant authorized the secretary of a meeting to subscribe for shares of railroad stock for him, by putting his name to a blank sheet of paper, and the name was subsequently transferred to the subscription books of the company, without any further authority: Held, that the defendant might show by parol evidence, that he authorized the subscription only on certain conditions.

This was an action of assumpsit commenced by the plaintiff in error against the defendant in error, in the Menard Circuit Court, Harriott, Judge, and by the said company brought to this court by writ of error. The action was brought to recover for price of stock subscribed. The cause was first tried before a justice of the peace, where the jury found a verdict for the railroad company, and this was appealed to the Circuit Court of Menard county, and there tried, and in which court the jury found for the defendant.

On the trial below, the railroad company proved and read their charters, proved its organization, then introduced the subscription books of the company, and read the subscription of the defendant Stein, who had subscribed $100; proved the making of the calls according to the charter, and proved that Stein lived in the fourth division. The plaintiff then introduced *L. M. Green*, who being sworn, said he saw various and continuous acts done by the company, its agents, hands, engineers, surveyors and other persons on and along said road as early as July, 1857, and down to the present time; and the said company proved that at a public meeting, held at the court house in the town of Petersburg, at which Mr. William M. Cougill was chairman, and Henry L. Clay was secretary, Mr. Stein was present, and that he authorized said secretary Clay, to sign his, Stein's, name, and to subscribe for one share in said capital stock for the defendant; that said secretary did so, as per request and authority. This signing was first on a small slip of paper, but

was put regularly on the subscription books the next morning, or within three days thereafter.

The defendant then introduced *J. M. Miles,* who said in substance : " I was present at the meeting. The road wanted to raise $2,300, which sum was necessary before the road could be commenced, and if that sum was raised, the road would locate the depot in the bottom, in Maj. Harris's cornfield, or would bring the railroad through the town and thence along the southern route—provided that if the southern route cost more, the citizens of the town would make up that sum, and that the depot should be in the bottom at all events. I asked Mr. Bennett to say whether I had stated the matter rightly. Bennett being the railroad agent, or was getting subscriptions, said that what I stated was correctly stated, but went on and gave additional reasons. He said that the depot should be placed in the bottom at all events. After stating some other conditions, Mr. Green, another agent of the railroad company, said that the depot should be placed opposite to the street east of the public square in said town of Petersburg. I called on the people to come up, and, under these conditions, subscribe for the stock. The subscriptions were put on a piece of naked paper. There was no heading to it ; don't recollect anything about Stein. The depot is not in the town as represented. It is about three hundred yards further off. *Thought* the subscribers were to pay only under the conditions. This book—the subscription book, explains what I say, but does not specify the conditions—do not know anything about Stein's subscription—did not see him that I know of. I did not hear Mr. Bennett say anything about the conditions at all in the meeting. *He might have said he would not receive* conditional subscriptions."

The defendant further introduced one *H. Bailes,* who was asked under what condition the subscription was made. He stated substantially as follows : " I was present at the said meeting, and agree in substance to what Mr. Miles has just said. I did not hear Mr. Bennett say anything about conditional subscriptions. The subscriptions were rather subject to the conditions which Mr. Miles stated."

The plaintiff then called *L. M. Green,* who stated : " I was present at the meeting : was there before it organized, and staid till it closed. Was with two of the directors, Green and Bennett, and they told Mr. Miles and myself to get up the meeting, and that we might then assure the people that the said depot should not be put on Bennett's meadow, but would make it on the bottom, subject to conditions. I was present, and distinctly heard Mr. John Bennett, the director, say he could not,

7

and would not take conditional subscriptions to the railroad stock—said he had no authority to do so. He repeated this."

The plaintiff then introduced *Henry Clay*, who stated in substance : "I was at the meeting aforesaid—was its secretary. I heard Mr. Bennett say distinctly, at and in said meeting, that he was not authorized to take, get or receive, conditional subscriptions, but would give them every assurance that the depot should not be on the hill. The depot is not in Bennett's meadow. *These were the important points, and I remember them."*

The jury found for defendant.

LINCOLN & HERNDON, for Plaintiff in Error.

STUART & EDWARDS, and THOMAS P. COWAN, for Defendant in Error.

BREESE, J. This suit was brought originally before a justice of the peace, and by appeal taken to the Circuit Court of Menard county, where a judgment was rendered in favor of the defendant. The case is brought here by writ of error, and the principal error relied on to reverse the judgment is, that the court below admitted parol evidence to explain the defendant's subscription to the capital stock of the railroad company.

It will be perceived that this is a case in which the defendant did not actually sign the subscription book. The stock was subscribed by another person, by writing the name of the defendant on a blank sheet of paper, and afterwards, without any authority, transferring it to the subscription list.

The defendant on the trial contended that he agreed to take one share of the stock on certain conditions, and his name was put down on a piece of paper for one share, on certain assurances that the depot would be located at a particular place, or not located at a certain place. There is no proof that he authorized Clay or any one else, to put his name to a subscription list containing no conditions.

It became necessary on the trial to determine the extent to which the defendant was willing to go—how far he did go—what authority was given by him to put his name down at all for one share—what was his understanding and intention when he said he would take one share. This necessarily let in much testimony, none of which is in the category of an attempt to explain a written instrument—the subscription paper—by parol. The inquiry was, did he subscribe at all ? The jury have found he did not subscribe in such manner as to bind him, and we are satisfied they decided correctly, and accordingly affirm the judgment.

*Judgment affirmed.*