Johnson, J.
1st. It was clearly erroneous to allow the paper purporting to be the proxy of Mrs. Fanning to vote her stock, to be read in evidence over her objection without first proving its execution. If its execution had been proven to the satisfaction of the court, it might have been competent, as tending to show that she was estopped from taking advantage of any *342 irregularity in the organization or informality in her obligation to take stock, but until such preliminary proof was made it was error to allow it to go to the jury.
2d, Did the court err in its charge that a verbal agreement to take stock created an indebtedness to the corporation %
It appeared that the certificate of incorporation was dated March 2, 1870. This charter was obtained under the act of April 15, 1867 (S. & S. 205). Under this statute, any number of persons, as Required by the act. entitled “ an act to provide for the creation and regulation of incorporated companies in the state of Ohio,” passed May 1, 1852, may form an insurance company, other than life insurance, by giving notice of their intention so to do, four weeks in a public newspaper in the county and by making a certificate, specifying the name of the company, its object, the amount of capital, and place of business, which on being properly executed shall be filed with the secretary of state. If approved as required by section 2 of the act, it shall be recorded and copied as provided by section 2 of the act of 1852; “ and said persons, when incorporated, and having in all respects complied with the provisions of this act, are hereby authorized to cany on the business of insurance as named in said certificate of incorporation,” &c. By section 4, the persons named in the certificate, or a majority of them, shall be commissioners, to open books for the subscription of stock . . and shall keep the same open until the full amount specified. in the certificate is subscribed. Section 5 provides for an election of a board of directors after the stock is all taken.
It is a fact in this case that this note and mortgage were taken before the corporation was authorized to elect directors and officers. It also appears, that +he note and mortgage were received and counted as part of the amount of stock necessary to make the amount to be obtained, before holding such an election.
Waiving all questions arising out of alleged irregularities in obtaining the requisite amount of capital stock to authorize the company to organize, or make loans, let us inquire what validity there was in the promise of Mrs. Fanning to pay for capital *343 stock, based upon a verbal agreement, made with an agent of the company, to take that amount of stock.
In the manner in which the charge was given on this point, the jury might, and probably did, find in favor of the plaintiff below, independent of any question of ratification or estoppel. There was evidence tending to show that Mrs. Fanning had, by her acts, estopped herself from taking advantage of any defects in the organization, or any informality in the agreement ; but this charge, that a verbal agreement to take stock was sufficient to create an indebtedness, left the jury free to find for the plaintiff, without passing upon the question of estoppel.
The note was a promise to pay for stock which the maker had verbally agreed to take. Had Mrs. Fanning been a subscriber to the stock she would have been entitled to be treated as a stockholder. This would have been a sufficient consideration to have supported a promise either express or implied to pay for the stock. The agreement must be mutual and binding upon both parties. If the corporation are not bound to treat her as a stockholder, her promise to pay is a mud/um pactum, for want of a mutual promise by the corporation to award her the stock. In the absence of proof that she had received the stock, or of any other consideration to support her promise, or of any acts by her, creating an estoppel, her promise to pay for stock for which she has not subscribed, and which the corporation is not bound to deliver at the proper time, is without a sufficient consideration to support it.
The constitution of the state provides for the individual liability of stockholders, and the statute prescribes the mode by which those who constitute themselves such, preliminary to an organization of the corporation, shall become stockholders and entitled to rights as such. The law contemplates such proceedings as will constitute the members of the proposed corporation stockholders by requiring them to be subscribers to the stock. By the act of thus becoming a stockholder, they acquire an interest in the franchises and business of the company, and are subject to all the liabilities of stockholders, including the obligation to pay for the the stock sub *344 scribed. If this obligation is not mutual and equally binding upon the corporation, the promise to pay is not supported by a sufficient consideration. The criterion of liability is whether any act has been done by which the corporation is compelled to recognize the promisor as a stockholder. If the corporation was not bound by what took place, to recognize Mrs. Panning as a stockholder1, neither is she bound to pay for stock. Angell & Ames on Corp. ch. 15, et seq. ; Thompson on Liability of Stockholders, §§ 105-110 ; Valk v. Crandall, 1 Sandf. Ch. 179 ; Tonica v. Petersburgh R. R. Co., 21 Ill. 96; Chelsea Glass Co. v. Dewey, 16 Mass. 94; Spear v. Crawford, 14 Wend. 20; Selma & Tenn. R. R. v. Tipton, 5 Ala. 787; Phillips Limerick Academy v. Davis, 11 Mass. 113; New Bedford v. Adams, 4 Mass. 138; Essex Turnpike Co. v. Collins, 4 Mass. 292; Lake Ontario, A. & N. Y. R. R. Co. v. Mason, 16 N. Y. 451; Vreeland v. N. J. Stone Co., 29 N. J. Eq. 188; P. & S. R. R. Co. v. Gazzam, 32 Pa. St. 340; Thames Tunnel Co. v. Sheldon, 6 B. & C. 341.
A careful consideration of the statutes authorizing the formation of such corporations, as well as of the authorities cited, requires us to hold that a mere verbal agreement to take.stock in a company whose promoters are engaged in securing the amount of stock required before it can organize, does not constitute the promisor a member of such corporation, and is without a sufficient consideration to support it.

Judgment reversed.