# Henry A. Stone v. The Vandalia Coal & Coke Company.

1. SUBSCRIPTION TO CAPITAL STOCK—*Not to be Varied by a Contemporaneous Secret Oral Agreement.*—A written obligation.to subscribe to the stock of a corporation in the form of an unqualified promise to pay a specified sum per share at the time and in the manner required by the board of directors, can not be varied or changed, by a contemporaneous secret oral agreement between the subscriber and the corporation, into a conditional contract to be enforced only upon the performance of a condition.

2. SAME—*Power of Directors to Release Subscribers.*—The board of directors of a corporation have no power to release a subscriber to the capital stock without full payment of his subscription.

3. PRACTICE—*Demurrer to Special Pleas Presenting Issues Not Sustained by the Evidence.*—Where an issue raised by a special plea, to which a demurrer was sustained, was shown to be unfounded by the evidence admitted in the case, the action of the court in sustaining the demurrer was held not to be error.

Assumpsit, on contract of subscription to capital stock. Appeal from the Circuit Court of Fayette County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

## STATEMENT OF THE CASE.

This action was brought to recover upon the following subscription by appellant for sixteen shares of the capital stock of appellee, as shown on its stock book: "We, the undersigned, severally subscribe for the number of shares set opposite our respective names, to the capital stock of the Vandalia Coal & Coke Co., and we severally agree to pay to said company, for each share, the sum of twenty-five dollars, at such times and in the manner required by the board of directors." To this declaration defendant interposed pleas of general issue and *nul tiel corporation,* upon which issues were joined, and special pleas in bar, to which demurrers were sustained. A trial by the court without a jury was had by consent, and the court found the issues for plaintiff and assessed his damages at $590.50, and entered judgment in favor of plaintiff for that amount and costs, to

reverse which defendant took this appeal. The following are the errors assigned:

Assignment of errors.

1. The court erred in sustaining a demurrer to pleas 3, 4, 5, 6, 7 and 8 of original pleas; 1, 2, 3, 4 and 5 of additional pleas, and also in sustaining demurrer to last additional plea, filed December 15, 1894.

2. The court erred in admitting improper testimony.

3. The court erred in refusing proper testimony.

4. The court erred in rendering judgment against appellant.

5. The judgment is contrary to law.

6. The judgment is contrary to the evidence.

Henry & Guinn, attorneys for appellant.

John A. Bingham, attorney for appellee.

Mr. Justice Green delivered the opinion of the Court.

In the brief of appellant it is insisted the court erred in sustaining demurrers to the special pleas, presenting the following four issues: 1st. "If appellee, as a corporation, obtained appellant's subscription for shares of stock, on condition that a coal mine would be opened within the city limits of Vandalia, would an abandonment of their agreement to do so operate as a discharge of a subscriber who did not consent to such abandonment from liability upon his subscription as between the corporation itself and the subscriber?" 2d. "Can a corporation make a valid assessment upon a subscriber to its capital stock before the organization is completed and before directors are elected and before by-laws have been made?" 3d. "Will a release of a stockholder by the board of directors of a corporation from the payment of his subscription for sixty per cent of the capital stock of the company, release a subscriber who does not know of or consent to such release, from payment of assessments on his subscription?" 4th. "If assessments are not uniform or made *pro rata* upon all the capital stock, will

the assessments be void, and can a shareholder who is assessed, refuse to pay his assessments?"

It is also contended the court erred in refusing to admit evidence in support of the pleas offered on behalf of defendant, and in this connection we remark the fourth issue was not tendered by any special plea, and unless the plea of general issue would include such matter as a defense, the evidence supporting such defense would be incompetent. If such matter could be held to be so included, then the failure to perform a duty the directors were required to perform would not discharge appellant, but they could be compelled to do their duty. Appellant took no steps to enforce the proper action and made no complaint until he was sued. Fry v. Peoria Watch Co., *supra*. It is manifest also, if the demurrers to the special pleas were properly sustained, no evidence in support thereof would be admissible. The material questions presented are, first, had appellant the right to set up as a defense that his subscription was conditional, and condition was not performed, as mentioned in said first issue. Second, had the directors the power to release a stockholder from the payment of his subscription, and would such release absolve appellant from liability for the payment of his subscription, as claimed by said third issue. The written obligation of appellant was an unqualified promise to pay a specified sum per share at the time and in the manner required by the board of directors of said company, and it could not be varied or changed by a contemporaneous secret oral agreement between appellant and appellee, into a conditional contract, to be enforced only upon the performance of the condition.

Hence, appellant had no right to set up such conditional subscription as a defense, and the pleas setting up such defense were bad and demurrers thereto were properly sustained. As to the want of power of directors to release subscribers without full payment, there can be no doubt and that being so, the alleged release of White from further liability upon paying part of his subscription was inoperative, and furnished no ground for defense against appellant's

liability. He was in no wise prejudiced thereby. Sec. 8, Chap. 32, Starr & Curtis, relating to corporations for pecuniary gain, provides: "Each stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him, to be collected in the manner herein provided." This section has been construed in repeated decisions of the Supreme Court and Appellate Courts of this State, supporting the view we have expressed. Melvin et al. v. Lamar Ins. Co., 80 Ill. 446; Bouton v. Dement, 123 Ill. 142; McDowell v. Chicago Steel Works, 124 Ill. 492; Ailing v. Wenzell, 35 Ill. App. 246; affirmed in 133 Ill. 264; Fey v. Peoria Watch Co., 32 Ill. App. 613; Curran v. Chicago Brew. Ass'n, 40 Ill. App. 356, and numerous other cases in our State reports and text books are in point in this connection. It follows that the demurrer to the pleas setting up the release of White as a defense were properly sustained, and evidence to show such fact was not admissible.

The second of the issues as stated in appellee's brief is, "Can a corporation make a valid assessment upon a subscriber to its capital stock before the organization is completed, and before directors are elected and before by-laws have been made?" The first assessment against appellant was disallowed because it was made before by-laws were adopted. The charter was issued to appellee on July 11, 1891, setting forth that whereas a statement had been filed in the office of the secretary of state on June 24, 1891, for its organization as such corporation in accordance with the statute, and that a copy of the statement was attached, and a license had been issued to certain named persons as commissioners, to open books for subscription to the capital stock of said company, and that said commissioners filed the report of their proceedings under the license in said office, on July 11, 1891, a copy of which report is attached, it was therefore certified that said appellee is a legally organized corporation. The statement attached is signed by the persons named in the charter, and sets forth, as required by law, the name, the object, the amount of capital stock, the

amount of each share, the number of shares, the location of the principal office, and duration of the corporation. The report of these commissioners shows that books of subscription were opened by them, pursuant to the license, and the names of subscribers and number of shares subscribed for by each, on July 6, 1891, pursuant to the notice to subscribers required by law, properly addressed and mailed to each; a meeting of the stockholders was held and a board of directors were elected. All the assessments except the first, which was disallowed, were made after by-laws had been adopted, and by directors duly elected, and appellant was duly notified of each call, and paid nothing. Appellee proceeded to sink a shaft for the mining of coal, pursuant to its charter, and in so doing expended between $15,000 and $18,000, paid by other stockholders upon such assessments.

Said second issue is without evidence to support it. After a full examination of the record, we hold the court did not err in sustaining the demurrers to said special pleas or in its rulings in the admission and refusal to admit evidence, and the evidence and law sustained the findings and judgment. The judgment is affirmed.