## S. P. RICHARDS *et al.*

### *v.*

## THE JOHN SPRY LUMBER COMPANY.

*Opinion filed November 1, 1897.*

1. PRINCIPAL AND AGENT—*wife holding husband out as her agent is estopped to deny liability for his acts.* A wife who holds her husband out as her agent for the making of a contract, is estopped to deny a liability for his acts done in her behalf with respect thereto.

2. MECHANICS' LIENS—*lien attaches to wife's property under contract made by husband as agent.* One furnishing materials for repairs upon a married woman's property, under a contract executed by her husband with her knowledge and consent, is entitled to a mechanic's lien upon the property.

*Richards* v. *John Spry Lumber Co.* 64 Ill. App. 347, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

SAMUEL A. WIGHT, and FRANK L. FOLLETT, for appellants.

G. W. STANFORD, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

This is a petition filed by appellee against appellants, S. P. and Lizzie Richards, to decree a mechanic's lien upon property therein described. No question as to the sufficiency of the petition or the statement of the claim filed

in the office of the circuit clerk arises.  The contention is as to the liability of Lizzie M. Richards, the owner of the property.  The cause being at issue was referred to a master to take proof and report his conclusions, and on his report a decree for $1300.59 was entered, as prayed for in the petition, which was affirmed on.appeal to the Appellate Court for the First District, from which judgment this appeal is prosecuted.

The testimony of both appellants was, that Lizzie M. Richards was the owner of the property, and by a power of attorney duly executed authorized her husband, S. P. Richards, to execute leases, collect rents, etc.   She being the owner of certain property requiring repairs, entered into a contract in writing with J. J. White & Co. to make the repairs and furnish materials, for which she was to pay a sum in gross.   That contract was signed for her by S. P. Richards, her attorney in fact, of which she had notice and saw and read the contract.   J. J. White & Co. sought to purchase lumber and material from the appellee to make those repairs, but the same were not furnished until appellee's agent saw and conversed with S. P. Richards.   There is irreconcilable conflict between the agents of appellee and S. P. Richards as to whether or not the latter purchased the lumber to be charged to his wife, and promised to pay for the same before any part of the money was paid to J. J. White & Co.   This fact was found adversely to appellants by the master, the trial court and the Appellate Court, and the preponderance of the evidence sustains that finding.   The wife had knowledge that the husband was assuming to act as her attorney in fact in making this contract and in being present and watching the work as it progressed.   She held him out as such agent to make the contract and had knowledge of the repairs, and was bound by his acts done in her behalf with reference to those repairs on her property.   She authorized the repairs to be made, knew the work was to be done in pursuance of a contract be-

tween a third party and herself, made for her by her husband as her attorney in fact, and hence is estopped from denying a liability for his acts.   *Higgins* v. *Ferguson,* 14 Ill. 269; *Donaldson* v. *Holmes,* 23 id. 83; *Anderson* v. *Armstead,* 69 id. 452; *Paulsen* v. *Manske,* 126 id. 72.

It was not error in the circuit court to enter the decree nor in the Appellate Court to affirm the same.   The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*