## HENRY J. EDWARDS

*v.*

## THE ARMOUR PACKING COMPANY.

*Opinion filed June 19, 1901.*

1. CORPORATIONS—*corporation is not legally organized till certificate is recorded.* Under section 4 of the act relating to corporations for pecuniary profit, a proposed corporation is not legally organized or authorized to proceed to business before the final certificate of incorporation has been recorded.

2. SAME—*when person is liable for debt contracted in name of corporation.* A verdict holding a stockholder and director liable, under section 18 of the Corporation act, for a debt contracted in the name of a corporation never legally organized, will not be set aside on appeal, where the debt was contracted under the express direction of defendant, who assumed to act for the alleged corporation in the management of its business outside of his duties as director.

*Edwards* v. *Armour Packing Co.* 90 Ill. App. 333, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

A. W. MARTIN, and EDWARD H. S. MARTIN, for appellant.

E. C. MAPLEDORAM, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee recovered a judgment in assumpsit against the appellant and others, in the superior court of Cook county, for the price of 150 tons of steam bone-meal, which, as it was alleged by appellee, the appellant and others became liable to pay under section 18 of the act concerning corporations for pecuniary profit, by assuming to act as the officers and agents of a pretended corporation called "Thompson & Edwards Fertilizer Company,"

in the purchase of said material, without having complied with said statute and filed in the recorder's office of Cook county a certificate of the Secretary of State of the complete organization of said corporation. The Appellate Court affirmed the judgment, and the record is now before us on the further appeal of appellant.

The appellant, Edwards, offered no evidence on his behalf, but at the conclusion of the plaintiff's evidence rested, and presented to the court an instruction, which he asked the court to give to the jury, to find the issues for him. The exception to the refusal of the court to give this instruction presents the only question urged here for a reversal of the judgment.

Section 4 of the statute relating to the organization of such corporations, (Hurd's Stat. 1899, p. 434,) provides that the Secretary of State shall "issue a certificate of the complete organization of the corporation, making a part thereof a copy of all papers filed in his office in and about the organization of the corporation, and duly authenticated under his hand and seal of State, and the same shall be recorded in a book for that purpose, in the office of the recorder of deeds of the county where the principal office of such company is located. Upon the recording of the said copy the corporation shall be deemed fully organized and may proceed to business." And section 18 of said act, as construed by this court in *Loverin* v. *McLaughlin*, 161 Ill. 417, is as follows: "If any person or persons being, or pretending to be, an officer or agent, or board of directors, of any stock corporation, or pretended stock corporation, shall assume to exercise corporate power, or use the name of any such corporation, or pretended corporation, without complying with the provisions of this act, before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such corporation, or pretended corporation."

The final certificate and copy of papers, otherwise called the charter of the company mentioned in this case, were issued in 1886, but were never filed in the recorder's office, and consequently, as we held in the case cited, the corporation was never legally organized or authorized "to proceed to business."

The Appellate Court having finally settled all controverted questions of fact, the only question for us to consider is whether or not there was any evidence fairly tending to prove, as against Edwards, the liability created by said section 18.

The debt in question was contracted in the name of "Thompson & Edwards Fertilizer Company" in July, 1897, and the company failed and became insolvent in November of the same year. Edwards was the largest stockholder and one of its board of directors. He did not reside in the State, but was a resident of Portland, Maine, and came to Chicago, where the company was located and did business, once or twice a year. He was in Chicago upwards of a month in March and February, 1897, and was during that time at the company's office daily. One Nethersole, a director and the manager, and one Barnard, the secretary and treasurer, (both defendants to the suit,) were actively engaged, as officers and agents of the company, in carrying on its business. Nethersole was new in the business, and he and Barnard relied on the advice and directions of appellant, Edwards, in its management. The substance of their testimony was, that they and Edwards had frequent conversations during the time mentioned, about buying material for the company. For the previous two years their purchases had been chiefly from appellee, but prior to that time from another company. Barnard informed Edwards of the quantity they would need for that year, and that they could get better material from appellee at the same prices and on longer credit than from the other company, and Edwards told them to purchase from appellee,—that he

was glad to get rid of the "other people." He told Nethersole, the manager, what to buy and how to buy, and to buy a sufficient quantity to meet the demands of trade in the fall. Nethersole afterward made frequent reports, by mail, to appellant of the business, at appellant's request, both before and after the purchases were made. In July following, in pursuance of the advice and instructions given to Nethersole and Barnard by Edwards, as we think the jury were authorized to find, Barnard arranged with appellee, in the name of "Thompson & Edwards Fertilizer Company," to furnish the 150 tons of material above mentioned, and entered into a written contract with appellee, in the name of the fertilizer company, for its purchase, and for the payment therefor in ninety days,—that being the time mentioned in the conversation with Edwards. The material was furnished by appellee as agreed, but was not paid for.

Without entering into further details, we are satisfied there was sufficient evidence to sustain a finding by the jury that the indebtedness sued for was contracted by Nethersole and Barnard, acting upon the advice and direction of Edwards, who was a director, and who assumed authority to act for the company in the management of its business and affairs outside of the performance of his duties merely as a member of the board of directors. He would, we think, come within the class of persons mentioned in section 18 of the statute,—at least the evidence was sufficient for the jury so to find. Edwards, Nethersole and Barnard acted together in the transactions and were jointly liable under the statute.

Finding no error the judgment of the Appellate Court will be affirmed.                    *Judgment affirmed.*