## Hannah M. Merrick v. Consumers Heat and Electric Co.

1. CORPORATIONS—*when organization of, complete.* The organization of a corporation is complete for all purposes connected with the collection of subscriptions to its capital stock, when its entire capitalization has been unconditionally subscribed; nor is it material whether a portion of such stock has been issued without consideration. (See reporters' note at conclusion of opinion.)

2. CORPORATIONS—*contracts among promoters of.* A preliminary agreement made at a meeting of promoters, by which several of their number subscribe to stock of the corporation in process of organization upon condition that payment therefor be made by the transfer of a certain franchise, is not binding upon such corporation when organized.

3. STOCK SUBSCRIPTIONS—*incompetency of parol evidence to vary.* Parol evidence is incompetent to show that stock subscriptions, on their face unconditional, were, in fact, conditional.

Assumpsit to recover stock subscription. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed November 9, 1903.

LOUIS FITZ HENRY, for appellant.

HENRY D. SPENCER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in assumpsit, by appellee against appellant, to recover an assessment upon her subscription to the capital stock of appellee. The plaintiff recovered judgment in the Circuit Court for $1,000, from which the defendant appeals.

The evidence discloses that on September 26, 1900, the Secretary of State of Illinois issued a license to G. P. Davis, G. S. Hanna and E. Thorp, all of the City of Bloomington, Illinois, as commissioners to open books for subscription to the capital stock of the Consumers Heat & Electric Co. The capital stock of the proposed corporation was to be $75,000 and the number of shares 750 of the value of $100 each.

Afterwards G. S. Hanna, J. C. Cole and Wolf Griesheim were granted by the City of Bloomington, a franchise giving them the right to lay pipes in the streets and to erect poles, wires and necessary appurtenances, above or below ground, through the streets of said city for the purposes of said proposed corporation. The commissioners proceeded to procure subscriptions to the capital stock of the corporation, to which appellant subscribed for thirty shares of the par value of $3,000. About the middle of October a meeting was held of the promoters of the corporation, at which the commissioners reported that but about 300 out of 750 shares had been subscribed. The best way of securing subscriptions for the remaining shares was then discussed, and it was finally agreed by those present that the deficit should be subscribed by Hanna, Cole and Griesheim and paid for by the transfer of the franchise held by them, to the corporation, the shares so subscribed for by them to be turned back to the corporation to be held as treasury stock. Hanna, Cole and Griesheim, pursuant to said understanding, then subscribed for the remaining shares, their subscriptions on the face thereof being unconditional and unqualified. The entire capital stock having been subscribed, the subscribers, including appellant, waived the notice required by statute, and on October 19, 1900, held a meeting at which a board of directors was elected and a resolution adopted authorizing the directors to purchase the said franchise for the sum of $35,000 and pay for the same in capital stock of the corporation at par. It was stated at the time that Hanna, Cole and Griesham would reconvey said stock, when issued to the corporation, to be held as treasury stock,

and the proceeds, when sold, to be used for the purposes of the corporation. The board of directors then made a call of 33⅓ per cent on the capital stock, and afterward an additional call of the same amount. Appellant paid said assessments upon her stock without objection. On March 23, 1901, a third call of 33⅓ per cent was made, and appellant declined to pay the amount due from her, whereupon this suit was brought. The shares turned into the treasury by Hanna, Cole and Griesheim were afterward sold at par and the proceeds used by the corporation.

Appellant contends that the subscriptions of Hanna, Cole and Griesheim were a makeshift to secure a charter before the capital stock had been fully subscribed as provided by law; that the capital stock was not in good faith fully subscribed and for that reason the corporation was never legally organized, and that she could not, therefore, be called upon to pay her subscription. This contention is, we think, untenable and without merit. The capital stock was fully and unconditionally subscribed before a charter was issued. The preliminary agreement at the first meeting referred to, to accept the franchise in payment of the subscriptions of Hanna, Cole and Griesheim, if made, was not binding upon the corporation, as it was powerless to contract before its organization was completed. Rev. Stat. (1901), ch. 30, sec. 4. Their subscriptions being unconditional on the face thereof, they would not be permitted to show by parol evidence that the same were made upon condition that they were to be paid by the transfer of the franchise. Stone v. Coke Co., 59 Ill. App. 536.

Appellant further contends that the franchise which was granted to Hanna, Cole and Griesheim in their individual names, was procured by them for, and the same in fact belonged to the proposed corporation, and that the shares were therefore issued without consideration. The fact that the particular shares were issued without consideration, if such was the fact, in no way affected the validity of the subscriptions therefor, or the organization of the corporation. Upon their subscribing to the stock unconditionally,

Hanna, Cole and Griesheim immediately became liable to creditors, and to the corporation itself under proper proceedings, for the full amount thereof, and there is nothing in the record to show that they were not amply responsible financially for the amount of their respective subscriptions.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*

REPORTERS' NOTE.—For some purposes, however, the organization of a corporation is not complete until its charter has been filed for record. Curtis v. Tracy, 169 Ill. 233; Edwards v. Armour Packing Co., 190 Ill. 467.