THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* E. J. DENNIS, Plaintiff in Error.

*Opinion filed October 28, 1910.*

CRIMINAL LAW—*no set phraseology is necessary to show that indictment was returned in open court.* While a defendant cannot rightfully be put upon trial for a criminal offense prosecuted by indictment unless the record shows the indictment was returned in open court by the grand jury, yet it is sufficient if that fact appears from the record by ary apt words, and no set form is necessary.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

HENRY Z. DURAND, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and JOEL C. FITCH, for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

The plaintiff in error, at the March term, 1907, of the criminal court of Cook county, pleaded guilty to an indictment charging him, jointly with one William H. Thompson, with the crime of murder by abortion, and he was sentenced to the penitentiary for an indeterminate period. He has sued out this writ of error to reverse said judgment, and as grounds of reversal urges in this court (1) that the record fails to show that the indictment to which he was required to plead was returned by the grand jury into open court; and (2) that the statute under which he was sentenced, commonly called the Parole law, is unconstitutional and void.

There appears in the record an entry of the November term, 1906, reciting: "The grand jury came into open court and made a presentment endorsed 'A true bill,' in the following entitled cause, to-wit:" Immediately following this recital appears the title:

"The People of the State of Illinois,
            *vs.*                            Indictment for Murder by
E. J. Dennis, whose first name, etc.,          Abortion."
William H. Thompson.

And following this title appears an indictment charging E. J. Dennis, whose first name is stated to be unknown to the grand jury, and William H. Thompson, with the crime of murder by abortion, which indictment was endorsed "A true bill" and "Wm. L. Bush, foreman of the grand jury," and bears the same number which the order does, reciting that the grand jury came into open court and made presentment, etc., and shows it was filed by the clerk of the criminal court November 24, 1906.

The record contains no bill of exceptions. It, however, appears therefrom that the defendants, E. J. Dennis and William H. Thompson, appeared in open court and pleaded not guilty to said indictment, which charged them with the

crime of manslaughter; that afterwards they withdrew their plea of not guilty and each entered a plea of guilty, and E. J. Dennis was sentenced to the penitentiary for an indeterminate period for the crime of murder by abortion, and that the case was subsequently dismissed as to William H. Thompson.

It is admittedly the law that a defendant cannot rightfully be put upon trial for a criminal offense prosecuted by indictment unless the record shows that the indictment to which he is required to plead was returned into open court by a grand jury. It need not, however, appear by any set form of phraseology that the grand jury appeared in open court and returned the indictment, but all that is necessary is that by apt words it must be made to appear from the record that the grand jury appeared in open court and returned into court the indictment to which the defendant is required to plead. (*Yates* v. *People,* 38 Ill. 527; *Morton* v. *People,* 47 id. 468; *Gahan* v. *People,* 58 id. 160; *Kelly* v. *People,* 132 id. 363.) The record now before us shows clearly that the grand jury appeared in open court at the November term, 1906, of the criminal court of Cook county and returned into open court an indictment charging the defendants, E. J. Dennis and William H. Thompson, with the crime of murder by abortion; that the indictment was filed by the clerk; that the defendants appeared at the March term, 1907, and first pleaded not guilty to said indictment and afterwards they each withdrew their plea of not guilty and entered a plea of guilty, and that the plaintiff in error was sentenced to the penitentiary upon his plea of guilty, for an indeterminate period, for the crime of manslaughter.

In *Gahan* v. *People, supra,* the point was made that the record did not show the indictment had been returned by a grand jury into open court. The court, on page 160, in disposing of that question, said: "It is first objected that the record fails to show the indictment was returned by

the grand jury into court. There appears in the record an entry, of the August term, that the grand jury came into open court and presented indictments. Then follow the titles of two cases and the offense charged in each. Under the latter is an order of continuance, and immediately following is the title, with a minute of the offense in this case. We do not see but it sufficiently appears that the indictment was at that time returned into open court. All persons would so understand the entry." And in *Kelly* v. *People, supra,* the record shows that the grand jury came "to the bar of the court" and made certain presentments, after which there followed a statement that "there was filed in the office of the clerk of the circuit court of DeWitt county, Illinois, an indictment, which is in the words and figures following." In each of these cases it was held that the record showed upon its face that the indictment to which the defendant was required to plead was returned by a grand jury into open court. We are of the opinion those cases are controlling of the case at bar, and that the contention of the plaintiff in error that the record does not show that the indictment charging him with the crime of murder by abortion, and to which he was required to plead and did plead, and was sentenced to the penitentiary for the crime of manslaughter, was returned into open court by the grand jury, cannot be sustained.

The second point urged by the plaintiff in error,—that is, the constitutionality of the Parole law,—was disposed of in the case of *People* v. *Joyce,* (*ante,* p. 124,) adversely to his contention.

Finding no reversible error in this record the judgment of the criminal court will be affirmed.

*Judgment affirmed.*