## The People of the State of Illinois, Defendant in Error, v. Frank Cherniak et al., Plaintiffs in Error.

### Gen. No. 24,959.

1. CRIMINAL LAW, § 461*—*when transcript of record sufficient on question of return of indictment by grand jury in open court.* An objection to a transcript of record because it fails to show that an indictment was returned in open court cannot be sustained where it appears that the court was duly organized for a term, and among other entries of proceedings purporting to be had at that term "in said court" is the entry that the "grand jurors came into court and made a presentment," etc., as the reasonable implication is that the grand jurors made the presentment to the court so organized while it was in session.

2. CRIMINAL LAW, § 441*—*when record sufficient on question of return of indictment by grand jury in open court.* A record showing the presentment of an indictment need not contain the words "open court," and no set form of phraseology is required, it being sufficient if there are apt words showing that the grand jury appeared in open court and returned the indictment.

3. CORPORATIONS, § 55*—*when proof of corporate existence by certified copy of final certificate of organization is insufficient.* Proof of the corporate existence of a company consisting of a certified copy of the final certificate of the organization of said company,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

there being a failure to prove that such certificate was recorded in the office of the register of deeds, is insufficient.

4. CORPORATIONS, § 52*—*what proof in criminal prosecution is incompetent to establish corporate existence by user.* Proof of the existence of a corporation by user, by testimony of a witness who states that he was general manager of the company and that it did business "as a corporation," from the time of incorporation until it went out of business, is incompetent and insufficient to establish corporate existence.

5. CORPORATIONS, § 50*—*doing business under corporate name as not tending to prove exercise of corporate power or function.* The fact that a company did business under a corporate name in selling and billing to a conspirator quantities of scrap brass has no tendency to prove the exercise of a corporate power or function, as such fact is consistent with the company's existence as a partnership.

Error to the Criminal Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Reversed and remanded. Opinion filed January 30, 1920.

MILES J. DEVINE and CHARLES S. DENEEN, for plaintiffs in error.

MACLAY HOYNE, EDWARD E. WILSON and MARVIN E. BARNHART, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiffs in error were convicted of a conspiracy to obtain quantities of brass scrap, borings and turnings, so-called, goods of the Raleigh Manufacturing Company, a corporation, by false pretenses and false tokens, weights and measures.

It is first contended, as ground for reversal, that the transcript of record fails to show that the indictment was returned into "open court," or that the court was actually in session. It shows a *placita* in usual form convening the court on May 7, 1917, for the May term of that year, the proper impaneling of the grand jury

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

on that date, and the presentment of said indictment during said term. The last-mentioned entry begins as follows:

"And afterwards, to-wit, on the first day of June in the year last aforesaid, it being the term of court aforesaid, the following among other proceedings were had and entered of record in said court, which said proceedings are in the words and figures following, to-wit:

"The grand jurors came into court and made a presentment endorsed a true bill in the following entitled cause, to-wit:

"The People of the State of Illinois vs. Frank Cherniak et al.  } Indictment for Conspiracy."

The indictment is then set forth.

The gist of the contention is that there should have been another *placita,* or some recitation to show a convening of the court, or that it was in session for the transaction of judicial business on June 1,. the day when the record states the indictment was presented.

Most of the cases cited by plaintiffs in error on this proposition were those where the record contained no *placita* whatever. Other cases are cited where the opinions of the court lay emphasis on the necessity of presenting an indictment in "open court." But it is not necessary that the words "Open court" should appear in the record. As held in *People v. Dennis,* 246 Ill. 559, no set form of phraseology is required, but merely apt words to show that a grand jury appeared in open court and returned the indictment. In *Kelly v. People,* 132 Ill. 363, the recital that the grand jury came "to the bar of the court" and made certain presentments, among them the indictment in that case, and in *Fitzpatrick v. People,* 98 Ill. 272, the recital that "this day comes again the grand jury and presents to the court indictments in the following cases," among

which was the one in that case, and in *Morton v. People*, 47 Ill. 468, the entry of the record showing that the indictment was filed during the term and setting it out, were each deemed sufficient to show a due presentment in open court. Here the record shows that the court was duly organized for the May term, and among other entries of proceedings purporting to be had at that term "in said court"—as stated at the beginning of the entry—is that "the grand jurors came into court and made a presentment," etc. The reasonable implication of the record is that the grand jurors appeared in and made presentment to the court so organized while it was in session.

But it is urged that there was insufficient proof of the averment in the indictment of the corporate existence of said company. The People undertook to make proof thereof by introducing a certified copy of the final certificate of the organization of said company, but failed to prove that it was recorded in the office of the recorder of deeds. Such proof has been held insufficient to show a legally organized corporation. *(Edwards v. Armour Packing Co.,* 190 Ill. 467; *Cresswell v. Oberly,* 17 Ill. App. 281.) In the latter case it was said that the final act of recording the certificate as required by statute is necessary to give the organization corporate life and endow it with its franchises and faculties, and "that until this is done, there is in fact no corporation *in esse* * * *."

Nor was there proof by user as permitted by the statute. (Crim. Code, par. 486, J. & A. ¶ 4127.) The People did not attempt to make such proof unless it was by the witness Raleigh who stated that he was general manager of said company and that it did business "as a corporation" from the time of its incorporation until it went out of business. In *People v. Krittenbrink,* 269 Ill. 244, and *People v. Struble,* 275 Ill. 162, such proof was held to be incompetent and insufficient to establish a corporate existence. In the latter

case it was said "the corporate existence alleged must be proved either by the charter or articles of incorporation or by proof of user, which means the exercise of corporate powers and functions," and that "it is not a technical rule of law but a substantial one and universally so recognized." In the *Krittenbrink* case it was said that such evidence "afforded no proof of user of corporate franchises"; that it was merely the opinion of the witness. In each case the judgment was reversed for lack of evidence to sustain the essential averments in the indictment as to corporate existence of the company named therein. We see no escape from such a conclusion in this case. There is no proof pointed out in the record of any facts tending to show the exercise of corporate powers and functions by said company. The mere fact that it did business under a corporate name in selling and billing to one of the alleged conspirators quantities of scrap brass had of itself no tendency to prove the exercise of a corporate power or function. Such fact is equally consistent with the company's existence as a copartnership.

While in other matters urged for consideration we find no reversible error, yet in view of these latest decisions of the Supreme Court as to what constitutes sufficient proof of corporate existence, we are compelled to reverse the judgment and remand the cause.

*Reversed and remanded.*