The Chicago, Springfield & St. Louis Railway Company, Appellee, v. R. D. Martin, Appellant.

Gen. No. 8,153.

Opinion filed January 25, 1928.

JESSE PEEBLES, for appellant; DON M. PEEBLES of counsel.

AARON SAPIRO, EPLER C. MILLS and MURPHY & HEMP-HILL, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

Appellee filed its suit in the Macoupin county circuit court against appellant to recover upon a subscription for stock, purporting to have been made by appellant in appellee railway company in the sum of $1,000, for 10 shares of the preferred capital stock of said company. The instrument contained the provision that if 2,000 shares were not subscribed by October 1, 1925, that the company should refund to the undersigned all moneys paid in on the subscription. The instrument was dated July 18, 1925, and appellant had paid in $50 upon the subscription.

The appellant filed the plea of the general issue, and filed with it a notice of special matters of defense. These special matters of defense set forth the fact that the plaintiff railway company is indebted to R. D. Martin, the defendant, in a total sum of $10,303.62. Of this amount it is claimed that the company owes Martin $1,303.62 for expenses paid by Martin or incurred by him in and about the transaction of the business of the company and in performing services for it, and the balance of the cross-demand is for the sum of $9,000, which is claimed for services rendered by Martin at the request of the company in the securing of stock subscriptions and the work of refinancing the corporation. A jury was waived, the proofs submitted to the court and there was a finding and judgment in favor of appellee in the sum of $797.93, and the record is before this court by appeal, for review. Appellant assigns error on the court's rulings as to the admission of evidence.

To establish the condition precedent, contained in appellant's written subscription, namely, "If on, or before, the 1st day of October, 1925, two thousand

shares of said preferred capital stock are not subscribed said company shall return to the undersigned all moneys paid in on this subscription, less his or her pro rata share of the costs incurred,'' appellee offered the list of subscriptions copied and certified to by the secretary of appellee, with the seal of the corporation attached, and over the objection of appellant the same were admitted in evidence in pursuance of section 15, chapter 51 of the Revised Statutes, Cahill's St. ch. 51, ¶ 15. Appellant had the right to have the original subscriptions brought into court by a proper subpoena, but he made no effort to obtain them. Some of the subscription agreements appellant attempted to attack by the offer of parol testimony, and attempted to show that they were not made in good faith. When these agreements were reduced to writing and signed, all oral agreements, whether prior to or contemporaneous, were merged in the agreement and parol testimony could not be received to vary the legal import of the writing. (*Banet v. Alton & S. R. R.,* 13 Ill. 504; *Dill v. Wabash Valley R. Co.,* 21 Ill. 91; *Tonica & P. R. Co. v. Stein,* 21 Ill. 96; *Corwith v. Culver,* 69 Ill. 502; *Stone v. Vandalia Coal & Coke Co.,* 59 Ill. App. 536; *Merrick v. Consumers Heat & Electric Co.,* 111 Ill. App. 153; *Newmann v. Sexton,* 156 Ill. App. 517.) We find no errors in the court's rulings upon the admission or rejection of evidence.

Appellant presented a counterclaim for an indebtedness claimed to be owing to him from appellee in a considerable amount. There was a large amount of testimony taken as to this claim. It was not disputed but that appellant performed services in soliciting stock subscriptions, and other subscribers of stock did the same.

The subscription agreement is prefaced by the statement: ''Whereas, the undersigned and others desiring to provide for the continued operation of that part of the railroad formerly known as the main line of the

Chicago, Peoria & St. Louis Railroad Company, * * *. Now, therefore, for and in consideration of the premises and of the advantages to the undersigned of the continued operation of said line of railroad," etc. It was shown that appellant was a considerable landowner at Palmyra, through which the road ran, and was much interested in the continuance of the service. A large number of witnesses testified that they had heard appellant make statements that he was getting nothing for his services. The most that the testimony shows as a foundation for this claim is that one Stevenson, president of appellee, stated to appellant that if he would help in securing the subscriptions for stock, he (Stevenson) would see that he was reimbursed his expenditures and would "treat him right." It was shown that Stevenson or the president of the company had no power or authority under the by-laws of appellee company to bind the company by any such arrangement, and appellant is bound by the by-laws of the corporation of which he is a member. *Mandel v. The Swan Land & Cattle Co.*, 51 Ill. App. 204. The court in its finding did allow to appellant the full amount of his expenditures, but did not allow anything for services. We find no error in the record that would warrant a reversal of the judgment in this case, and the judgment, therefore, of the circuit court of Macoupin county is affirmed.

*Affirmed.*