Pearson, J.
 

 The conveyance to the defendant was made before the plaintiff 'filed her bill against Tyson .
 
 *331
 
 He is, therefore, not concluded by the decree in that case', nor affected by it in any manner, except so far as it may be an authority upon the questions of law decided, like any other cause.
 

 There is no proof that the defendant paid a valuable consideration for the land, and it is known, that, at the time he took the conveyance, he had full notice of the rights of Thomas Tyson. Upon the authority of the cases of
 
 Tolar
 
 v. Tolar, 1 Dev. Eq. 456,
 
 Morris
 
 v.
 
 Ford,
 
 1 Dev. & Bat. Eq. 23, and
 
 Tyson
 
 v.
 
 Tyson,
 
 2 Ired. Eq. 137, the heir of Thomas Tyson is entitled to a conveyance of the legal estate. This case differs from the case of
 
 Crump cl. al
 
 v.
 
 .Black,
 
 decided at this Term. For, here, there was a conveyance without value and withnotice. There, the conveyance was for value and without notice.
 

 The case of
 
 Tyson
 
 v.
 
 Tyson,
 
 is also an authority to show, that a decree may be entered in this case in favor of the infant defendant against her co-defendant, It is t here held, that, although Courts of equity do not ordinarily decree between co defendants, this case falls within an established exception ; for, where a case is made out between defendants by evidence, arising from the pleadings and proofs between the plaintiff and the defendants, one defendant may insist, that he shall not be obliged to institute another suit against his co-defendants for a matter that may then be adjusted between them. We think, therefore, there must be a decree, that the defendant Harrington by a proper deed, to be approved'of by the master, convey the land in fee to the infant defendant, with covenants of warranty against himself and all claiming under him.
 

 It does not, however, necessarily follow, that because the heir is entitled to the land, the widow is entitled to her dower; and it is insisted, that the plaintiff is not enc titled to dower in this case, because her husband had not such an estate as was subject to dower, either at law or
 
 *332
 
 in equity, his deed not being registered, and because the husband was not seised at the time of his death, as he was disseised the year before by the entry of the defendant Harrington under the deed of Josiah Tyson. The case of
 
 Tyson
 
 v.
 
 Tyson
 
 turned mainly upon the question of •fact, whether the conveyance of McKinzi'e had ever been delivered to Thomas Tyson, so as to become a deed ; and after deciding that question in the plaintiff’s favor, the Court adopted the conclusion, that she was entitled to dower almost as a matter of course, and derived her right from the act of 1S28, which gives dower in equitable estates. We concur in the conclusion, but we are inclined to the opinion, that the right was not'a mere equitable ■one, depending upon .the act of 1828, and that the widow of á man, who died without having his title deeds registered, was entitled todowerbecause the husband had an incomplete
 
 legal title.
 
 If the deed was afterwards registered, the dower was assignable at law. If it was .destroyed, equity gave relief, not upon the idea of a mere equitable estate, but upon the ground, that in that Court the party was entitled to have the benefit of the legal title,which had been lost by spoliation, under the maxim ; “that will be considered as dower, which ought to have been dower, so as to prevent one from taking advantage of his own wrong.” The widow, however, in case of spoliation, as well as the heir, was obliged to apply to a Court of equity, and could not proceed at law.
 
 Thomas
 
 v.
 
 Thomas,
 
 6 Ired. Eq. 124. In the case of
 
 Morris v.
 
 Ford, 2 Dev. Eq. 418, Judge Gaston, who delivered the opinion in
 
 Tyson
 
 v.
 
 Tyson,
 
 says, “the interest of one, who has an unregistered deed, was liable to be sold under execution before the act of!812, whichsubjected equitable estates. He has not a mere equity in the land, but an equity and an incomplete legal title. If he dies before registration, his wife is entitled to dower, as of a
 
 legal
 
 estate.’' This shows, that, although that learned Judge in the case
 
 *333
 
 of
 
 Tyson
 
 derived the right from the act of 1828, he did not intend, to exclude the other ground, but considered the right, either upon one ground or the other, beyond: question. The want of registration, therefore, is no bar to the plaintiff’s right of dower; and the remaining question is, was the husband seised at the time of his death ? This point was not made in the case of
 
 Tyson
 
 v.
 
 Tyson,
 
 and is now to be considered for the first time. It depends upon the entry and dispossession made by the defendant Harrington. If that had the effect of putting the
 
 seisin
 
 in him, then Thomas Tyson was not seised at the time of his death. But if it did not operate as a disseisin, then Thomas Tyson died seised. The question is reduced to. this One, having color of title, enters and dispossesses-the owner ; is that a disseisin ?
 

 Dissesin is an ouster of the freehold, and is, where one enters and turns out the tenant and
 
 usurps his place and feodal relation,
 
 which can only be done by the concurrence and consent of the feodal lord. The latter circumstance distinguishes a disseisin from a dispossession. Blaekstone’s Commentaries, Coke Lit.
 
 Taylor
 
 v.
 
 Horde,
 
 1 Bur. 60, where Lord Mansfield says, “disseisin is a complicated fact and differs from dispossessing. The freeholder by disseisin differs from a possessor by wrong. A disseisin is where the possessor is
 
 clothed
 
 with the solemnities of the
 
 feodal
 
 tenure.” After a full examination of the question, he says, “except the special case of fines and proclamations, I cannot think ofa case, where the true owner,
 
 whose entry is not taken away,
 
 may not elect to be deemed as not having been disseised.” The case is also reported in 2 Smith’s leading Cases, 342. The tenant could not, against his will, be disseised by the
 
 mere
 
 act of a wrong doer, as long as he had the right of entry ; but if he saw proper, he might elect to consider himself disseised, for the sake of a remedy given against disseisors. All the .cases of disseisin, since
 
 Taylor
 
 v.
 
 Horde,
 
 and for many
 
 *334
 
 years before, probably as far back as Charles If., when’ the tenant had the right of entry, will be found upon examination to be cases of disseisin at election, and not of actual disseisin. The words, “whose entry is not taken away,” are significant; for it is conceded by him, and has never been disputed, that, when the owner has lost his right of entry, he is then disseised. His words are. “when the right of possession was acquired and the owner put to his real action, then', without doubt, the possessor had got the freehold, though by wrong,and then was a disseisor.” The instance put is, when a dispossessor remains in possession 20 years ; in which case, the statute James I. takes away the entry of the owner. The wrong act of the dispossessor,
 
 aided
 
 by the
 
 operation
 
 of the statute of James, makes a disseisin in the same way, that the wrongful act of the dispossessor,
 
 aided
 
 by the
 
 concurrence
 
 of
 
 the feodal Lord,
 
 in accepting homage &c., made a disseisin in the days of strict feodal tenure. The result is, that a freeholder cannot now be disseised of his seisin,but by a dispossession,
 
 aided by the act of law,
 
 which takes away his,right of entry ; and as, in England a dispossession and continued adverse possession for 20 years, under the statute of James amounts to a disseisin, so, in this State, a dispossession and continued adverse possession for 7 years, under color of title, under the act of 1715) amounts to a disseisin. But so long as the owner has the right of entry, it is a mere dispossession and not a disseisin ; which, Lord Mansfield calls, a “ complicated fact,” and requires the aid of the law or of the feodal Lord to complete it. This will explain, why the doctrine of a “descent cast,” tolling an entry, has become obsolete, although so much is to be met with about it in the old books. Littleton and Coke devote a whole chapter to that “ curious and cunning learning.” When there was a deseisin, a descent cast tolled the entry, but in modern times, there is no disseisin, until the right of entry is lost;
 
 *335
 
 Hence, a ‘‘descent oast,” can new have ho effect. If the descent be
 
 before
 
 the right of entry is lost, “the entry is not tolled;” because there was no disseisin. If after, then it has no effect.; for the tight of entry must have been already taken away to constitute a disseisin. In this State, after a possession of seven years under.color of title, the law recognises and concurs in the right of the wrong-doer, and the right of entry on the part of the former owner is taken' away. There is then a disseisin, and not before. If a descent is cast, before the seven years expire, the entry is not tolled; for there is no disseisin. If after, it can have no effect; lor _ the estate wasr gone before. This is the reason, .why the doctrine, of descent cast has never been insisted upon in our State, since the case of
 
 Strudwick
 
 v.
 
 Shaw,
 
 1 Hay. 5, where it was discussed, but not directly decided, and the profession has quietly given up the doctrine and allowed it to become obsolete. This tends greatly to confirm the position, that a dispossession under color of title is not a disseisin, un-: til the right of entry is lost by seven years possession.
 

 We conclude therefore, that Thomas Tyson was seised at the time of his death in 1835, notwithstanding the en-i try of the defendant Harrington in 1834, and his continuing in possession under color of title until the said Tyson’s death. It must therefore, be declared to be the opinion of this Court, that the plaintiffis entitled to have her dower assigned as prayed for, and to recover her costs of the defendant Harrington.
 

 Per Curiam.
 

 Decree accordingly.'