State on relation, &c., and JESSE RAY v. JOHN CASTLE and others.

*Evidence—Business Entries of Deceased Persons—Surveyor's Field Notes.*

Business entries of deceased persons, (as the field-notes of a surveyor), made in the line of their duty, are only admissible in evidence when they are shown to be *original* and *cotemporaneous* with the facts they record; and these requisites must be established by evidence other than what may be derived from the entries themselves.

( *Crow* v. *Holland,* 4 Dev. 417, cited and approved.)

CIVIL ACTION tried at Spring Term, 1878, of WATAUGA Superior Court, before *Cannon, J.*

This action was instituted in 1875 to recover a tract of land, and upon the question arising as to the regularity and priority of the grants issued to the parties, the jury found for the defendants. There was judgment according-ly, and the plaintiff appealed. The facts set out in the opinion are sufficient to an understanding of the case.

*Messrs. D. G. Fowle* and *J. Devereux, Jr.,* for plaintiff.
*Messrs. Folk & Armfield,* for defendants.

BYNUM, J.   The defendant Castle made his entry October
the 29th, 1853, had the entry surveyed the 6th of Septem-
ber, 1854, and obtained the grant from the State the 18th
of September, 1854.   The plaintiff made his entry the 10th
of June, 1854, had it surveyed and located the 3rd of Octo-
ber, 1856, and obtained his grant from the State the 22nd
of December, 1856.   So that the defendant's entry, survey
and grant were prior in time to the entry, survey and grant
of the plaintiff, and nothing else appearing, he would be
entitled to the land covered by his grant.   But the plaintiff
alleges that the defendant, Castle, after his entry of Octo-
ber, 1853, and before his survey and location of the 6th of
September, 1854, made a first survey and location under
his entry, which do not cover the land in dispute, and that
having once surveyed and located his entry, he is bound
by it, and that the grant subsequently obtained on the second
survey and location covering the *locus in quo* is fraudulent
and void.   The defendant denied that he had more than
one location of his entry and thereupon this issue was sub-
mitted to the jury:   "Did the defendant, before his entry
was surveyed and located on the land in dispute, cause the
same to be surveyed and located as alleged in the com-
plaint, on the Little Elk Knob?"

To establish the affirmative of this issue the plaintiff in-
troduced one Ray as a witness who testified "that about
twenty-four years ago he was on the mountain with Castle,
the surveyor, William Horton and one Lookabill, since de-
ceased; that he and Lookabill were chain carriers, and
that the purpose was to run Castle's entry; that for this
purpose they made a corner on a birch; that he could re-
collect only two corners, but thought they ran around the
tract; that the surveyor was present all the time, and as

the chain carrier 'called out' the surveyor took down the calls, but he did not see what he wrote." ˙ John Castle was sworn for the defendants and testified that the persons named by Ray had gone upon the mountain to survey a tract of land for Lookabill, and when they had completed it, some one proposed that they should survey his entry, to which he assented. That the surveyor ran one line and part of another, or two at most, when he became satisfied that they were on land which had been granted, and directed the surveyor to stop and make no plat; and that some two or three months afterwards he had the same surveyor to survey his entry, and it was located and the grant obtained thereon on the 18th of September, 1854, as before stated. Then, for the purpose of confirming the witness, Ray, and as substantive testimony, the plaintiff introduced one Horton, a brother of the surveyor, and after proving by him the death of his brother, and that he himself was now the county surveyor and as such received a certain paper which he identified as the one turned over to him as pertaining to his office of surveyor, proposed to show that it was in the hand-writing of the deceased surveyor and purported to be notes of a survey of the entry, as stated in the complaint, signed by Horton as county surveyor, and to read it to the jury for the purposes indicated. It did not appear that Horton had made any plat or return upon this alleged first survey. His Honor held the paper to be incompetent evidence.

The proposed evidence falls under the class of *hearsay* testimony, as to which the general rule is that it is inadmissible, to which rule, however, there are several exceptions, of which the present with certain qualifications is one. Business entries of deceased persons when made in the line of their duty are admissible in evidence. This is the rule, but it is subject to the qualification that such entries to be admissible must be, first, original; and second,

contemporaneous with the facts they record ; and these requisites must be established by evidence other than what may be derived from the entries themselves. The field notes of a surveyor since deceased made in the discharge of his official duties and contemporaneous with the survey, are admissible, because such entries are made under a sense of business responsibility, and by an officer having no interest to make untrue entries.

It has been held that where an entry has been made against interest, proof of the hand-writing of the party and his death is enough to authorize its reception at whatever time it is made; but in the case of entries in the course of business, they must be contemporaneous with the transaction, and if there is any doubt whether the entries were made at the time of the transaction, they are inadmissible. *Doe* v. *Turford*, 3 B. & Ad. 890; *Poole* v. *Dicas*, 1 Bing. (N. C.) 649; 1 Wharton's Law of Evidence, § 246; *Avery* v. *Avery*, 49 Ala. 193; *Smith* v. *Blakely*, L. R. 2 Q. B. 326.

In our case the evidence upon this point is, " that as the chain carrier 'called out' the surveyor took down the calls," and it was then proposed to give in evidence a certain paper pertaining to the surveyor's office which was in the hand-writing of Horton, and purported to be notes of a survey of the land, and signed by Horton as county surveyor. Was it the original paper containing the field notes? Were the entries made contemporaneous with the survey, or subsequently? Did it have any date, or was it in any other way identified as the paper containing the original memoranda made during the progress of the survey? Nothing of the kind was shown or offered to be shown. The necessity of such preliminary proof is well illustrated in the leading case of *Price* v. *Terrington*, 1 Salk 285; 1 Smith L. C. 285. There, the plaintiff being a brewer, brought an action against the Earl of Terrington for beer sold and delivered, and the evidence given to charge the defendant

was, that the usual way of the plaintiff's dealing was that the draymen came every night to the clerk of the brew house and gave an account of the beer they had delivered out, which he set down in a book kept for that purpose, to which the draymen set their names ; that the drayman was dead, but that this was his hand set to the book. This was held good evidence of a delivery; but it was also held that the shop book itself, singly and without proof showing that the entries were made contemporaneously with the delivery in the regular course of business, and at the time they purported to have been made and verified by the signature of the drayman, would not be competent evidence. So that in our case the paper offered in evidence not having been identified as the original, or as made contemporaneously with the facts recorded, or in the regular course of business, it was inadmissible either as substantive proof of the alleged survey, or as evidence corroborative of the testimony of the witness, Ray. Wharton's Law of Ev. § 248. *Free* v. *James*, 27 Conn. 77 : *Mulican* v. *Williams*, 48 P.a. St. 238 : Powell's Ev. 4th Ed., 211.

The jury having found all the issues in favor of the defendants, it becomes unnecessary to decide whether this action by a junior against a senior patentee can be maintained at all under the decision ef this Court in *Crow* v. *Holland*, 4 Dev. 417. It was held in that case that a grantee under the act of 1798 can not maintain a *scire facias* to repeal a grant for the same land, when the latter is older than the grant to him. This proceeding although in the name of the Attorney General is upon the relation of the plaintiff and for his benefit, and is really an action *inter partes*, and would seem to be governed by *Crow* v. *Holland*. How far the law may be changed in this respect by the provisions of the Code of Civil Procedure, §§ 367 and 368, prescribing when and how actions may be brought to vacate letters

patent, is a question which does not now arise; nor does it become material to inquire how far the rights of the defendants might be affected by the finding of the jury that they are purchasers for value and without notice. The jury having found under proper instructions from the Court, that the defendants' grant was regularly obtained upon an entry and location prior to the grant of the plaintiff, it disposes of the case.

No error. Affirmed.