STATE ex rel Attorney General v. JOHN T. BLAND.

(Decided November 9, 1898.)

*Vacating Grants—Parties.*

Where the State has no interest in the land an action to vacate a grant
must be brought by the party in interest in his own name and at
his own expense.

CIVIL ACTION to vacate a grant heard upon demurrer
by *Adams, J.*, at March Term, 1898, of the Superior
Court of PENDER County.

It appears from the pleadings that the State has no
interest in the land.

Demurrer was sustained, and the case dismissed at
costs of plaintiff.

Plaintiff appealed.

*Messrs. Zeb. V. Walser, Attorney General,* and
*Stevens & Beasley,* for plaintiff (appellant);
*Mr. Frank McNeil,* for defendant.

CLARK, J.:   This is a civil action brought by the State
to annul and vacate a grant.   It is averred in the com-
plaint, and is admitted by the demurrer, that the State
has no interest in the land   The action is brought for
the benefit of another claimant.   In such case, the other
claimant has full relief by a direct action as authorized
by *The Code,* Sec. 2786, and should have brought it at
his own cost and charges and as required by *The Code,*
Section 177, requiring all actions to be brought by the
party in interest.   *Carter* v. *White,* 101 N. C., 30.   *The
Code,* Section 2788, authorizing the State to bring ac-
tions to vacate and annul letters patent applies to the
cancelling of grants only in those cases in which, upon

the cancellation, the title to the realty would revest in the State, which is thus the party in interest. *State* v. *Bevers*, 86 N. C., 588. If this were not so, parties contesting the validity of grants, alleged to be junior, could overwhelm the State with the costs of litigation in which it has no interest.

This action is not brought by the State "upon relation," in which the relator is the real party in interest, and indeed Section 2786 of *The Code* does not authorize an action of that kind, but a direct proceeding in his own name by the party who conceives he has been injured by the grant he seeks to set aside.

In dismissing the action there was no errror.

No error.