### HENRY v. McCOY.

#### (Filed December 20, 1902.)

GRANTS—*Senior   Grantee—Junior   Grantee—Parties—The   Code,*
     *Secs. 2780, 2786, 2788 and 177.*

> A grant can not be set aside at the suit of a junior grantee on the ground of fraud practiced on the state.

ACTION by John S. Henry against Winfield McCoy and others, heard by Judge *M. H. Justice,* at November Term, 1902, of the Superior Court of MACON County. From a judgment for the defendants, the plaintiff appealed.

*Horn & Mann,* for the plaintiff.
No counsel for the defendants.

MONTGOMERY, J.    It appears from the complaint that on
the 1st day of April, 1899, H. H. McCoy entered into the
entry taker's office of Macon County a tract of land; that
he died in 1899, without having paid the State, and without
having taken out a grant for the land; that within the time
required by the statute, his sister, Pearlie McCoy, on the
31st of December, 1901, paid for the land entered by her
brother, and procured a grant from the State to be made out
in his name.    It appears further in the complaint that the
plaintiff, J. S. Henry, on the 8th of September, 1900, en-
tered in the same office the same tract of land, and on the 14th
March, 1902, obtained a grant from the State for the same.

This action was brought by the plaintiff against the de-
fendants, who are heirs at law of H. H. McCoy, to have the
grant issued to H. H. McCoy declared void, and for posses-
sion of the tract of land.    The grounds assigned by the plain-
tiff for his action are fraud on the part of Pearlie McCoy
in procuring the warrant, and that Ammons, who made the
survey for McCoy, was not the surveyor, and was neither
bonded nor sworn; that he was not a deputy surveyor, and
that the chain carriers were not sworn.    There was a demur-
rer to the complaint in the following words: "1. That plain-
tiff's complaint does not state a cause of action.    2. That
from said complaint it appears that the defendants have the
oldest grant, as well as the oldest entry, for the land de-
scribed in the complaint.    3. For that a State grant can not
be attacked for the reasons, or any of the reasons, mentioned
in said complaint.    4. That said complaint fails to show
wherein any fraud was practised on plaintiff by defendants."
His Honor sustained the demurrer, and the plaintiff ap-
pealed.

We see no error in the ruling.    The defendants have the
oldest grant.    The entry was regularly made and within the
time allowed by law.    The price of the land was paid by the

sister of H. H. McCoy, who was then dead, and the grant made in the name of the deceased enterer, which was the proper course. The Code, Sec. 2780. The plaintiff made his entry of the land before the grant was issued to McCoy, but he did not procure his grant until after the McCoy grant had been issued. If there was any fraud practiced by Pearlie McCoy upon any one, it was upon the State and not upon the plaintiff. If Ammons was not the surveyor duly sworn and qualified, or if the chain carriers were not sworn, they are matters that the plaintiff can not complain of, he being a junior grantee. This action was brought under section 2786 of The Code. In *Carter v. White,* 101 N. C., 30, the action was brought under the same statute. The Court said there: "In the construction of the statute, it is held that the remedy is open only to the senior against a junior grantee, inasmuch as none can be aggrieved unless he has an interest in the subject matter of the obnoxious grant when it is issued, which a junior grantee has not; and the purpose is to remove a cloud overshadowing a previously acquired title. This question was before the Court for the first time in *Crow v. Holland,* 15 N. C., 417. In that case, the Court said: "Did the Legislature, when it passed the Act of 1798 (section 2786 of The Code) suppose that a junior patentee could be *aggrieved* because the State had been imposed on or defrauded by an elder patentee? Was not the tenth section enacted for the benefit of those persons who held patents from the King, Lord Proprietors, or the State, and should be *aggrieved* by their titles being clouded or endangered by a color of title which might be set up under a junior grant for the same land obtained since the 4th day of July, 1776?" The Court then cited numerous authorities from the English and American Courts to the effect that a junior patentee could not be aggrieved because the State had been imposed on or defrauded by an elder patentee, and con-

cluded the opinion by saying: "Considering these authorities as decisive—satisfied that it is the established rule of the common law that no one is prejudiced by the King's grant but he who had a prior grant for, or an ancient vested right in, the same thing—that no other subject could have a *scire facias* to repeal the King's grant—that in all other cases the *scire facias* must be brought by the King *jure regio* himself to repeal his own grant—it seems to us demonstrable, on examining the whole act of 1798, that this broad, ancient, wise and well established distinction is observed and kept up by the General Assembly." The remedy is for the State, when the State has been defrauded, and a *scire facias* may also be sued out by an individual when such individual is aggrieved. To the same effect is the case of *Ray v. Castle,* 79 N. C., 580.

No Error.

CLARK, J., concurring. In *Crow v. Holland,* 15 N. C., 417, it is held that a grant can only be set aside at the suit of the State (see The Code, Sec. 2788), *or* of a prior grantee (see The Code, Sec. 2786). In the present case, the Court merely holds that a grant can not be set aside at the suit of a junior grantee on the ground of fraud practiced on the State, citing *Carter v. White,* 101 N. C., 33. But as the plaintiff cites and relies upon *State v. Bland,* 123 N. C., 739, it is well to note that that case has no bearing here. It held that since The Code, Sec. 177, "requiring all actions to be brought by the party in interest," The Code, Sec. 2788, authorizing the State to bring actions to annul grants applies "only to those cases in which upon the cancellation, the title to the realty would revest in the State, which is thus the party in interest," which was the case in *State v. Bevers,* 86 N. C., 588, which is cited. It is further said: "If this were not so, parties contesting the validity of grants, alleged

THOMAS *v.* RAILWAY CO.

to be junior, could overwhelm the State with costs of litiga-
tion in which it has no interest." In that case, accordingly,
it being "averred in the complaint and admitted by the de-
murrer that the State has no interest in the land," but that
the action was brought for the benefit of the senior grantee,
the Court held that he, having a right to bring a direct action
under The Code, Sec. 2786, "should have sought it at his
own cost and charges, as required by The Code, Sec. 177,"
and dismissed the action, which had been brought by the
State. There is nothing therein contained which tends to
support the plaintiff's contention that a junior grantee can
maintain an action to set aside a senior grant for fraud prac-
ticed on the State.

DOUGLAS, J., concurs in result.