[No. 5114.]
[No. 2697 C. A.]

THE MISER GOLD MINING AND MILLING COMPANY ET AL. v. MOODY ET AL.

**1. Contracts—Breach Caused by Opposite Party.**

In an action by a corporation and others to enforce specific performance of a contract to convey certain mining claims, defendants cannot complain of the violation of a contract between promoters of the corporation, where such breach, if any, was brought about by defendant's failure to return the deed of such mining claims to the corporation after it had been returned to him for correction and recording.—P. 314.

**2. Corporations—Promoters—Contracts Prior to Organization.**

A corporation cannot be bound by a contract between promoters previous to its organization, as, not being yet in existence, it had no being which could agree to do, or not to do, anything; nor could such parties act as its representative, because there can be no representative or agent of a person not in esse.—P. 315.

**3. Corporations—Contracts—Conveyances—Destruction of Deed After Delivery.**

In an action by a corporation and certain individuals to enforce the specific performance of a contract to convey certain mining claims to the corporation, the evidence showed that the other several parties plaintiff and defendant had entered into a verbal agreement to form such corporation for the purpose of taking over and operating certain mines and mining claims owned by them; that each was to receive stock of the corporation therefor; that certain of the plaintiff grantors, in addition to transferring their mines and mining claims to the corporation, were to

dispose of some of the treasury stock for the purpose of develop-ing the property; and that the conveyances were made to the cor-poration, and stock was issued in exchange therefor. Held, that defendant grantors were not warranted in destroying a deed, returned to one of them for correction of the certificate of ac-knowledgment and recording, because certain of the plaintiff grantors had failed to dispose of such treasury stock for the pur-pose mentioned, and such destruction did not divest the corpora-tion of the title.—P. 316.

4.  **Conveyances—Destruction of Deed Before Recording—Execu-tion of New Deed.**

Where an unrecorded deed after delivery is fraudulently destroyed by the grantor, the title to the property is in no wise destroyed, but inasmuch as it is the best evidence of title and the most convenient to produce, the grantors will be decreed to execute another in its stead.—P. 316.

5.  **Trusts and Trustees—Breach of Trust—Destruction of Deed.**

Where a deed to a corporation was returned to one of the grantors for correction of the certificate of acknowledgment and for recording, he held it in trust for the corporation, and neither he nor his associates will be permitted to violate such trust by destroying the deed.—P. 316.

*Appeal from the District Court of Rio Grande County.*

*Hon. C. C. Holbrook, Judge.*

Action by The Miser Gold Mining and Milling Company, George W. Ballintine, Charles E. Cotton and Alexander Ross against Frank E. Moody, James B. Knoblock, Eben E. Eaton, Clarence A. Moody, Fred H. Nye and The Nebraska Rio Grande Mining Company. From a judgment in favor of defendants, plaintiffs appeal.        *Reversed and remanded.*

Mr. FRANK I. WILLSEA, for appellants.

Mr. JOHN H. GABRIEL, for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Defendants Frank E. Moody, Knoblock and Eaton were the owners of what is known as the

Miser group of mines, located in Rio Grande county; plaintiffs Ballintine and Cotton and defendants Nye and the two Moodys were the owners of certain unpatented mining claims in the same county; defendant The Nebraska Rio Grande Mining Company, a corporation, owned certain unpatented mining claims in the same county, and also a bond and lease upon the Miser group. This company had contracted an indebtedness in working the Miser group, which it was unable to pay.

It was agreed, by the several parties, to form a corporation to take over and operate these mines and mining claims, and for this purpose plaintiff company was formed, with a capital stock of one million shares.

Previous to the formation of the corporation, a division of the capital stock was agreed upon, 40,000 shares to be issued to defendant Eaton and 560,000 shares were to be held by plaintiff Ross for the period of one year in trust for the several parties, except the two corporations and Eaton. At the end of the year this trust stock was to be divided in a manner agreed upon. The other 400,000 shares were to be placed in the treasury to be sold and the proceeds used for development purposes.

In addition to the transfer of the mining claims, plaintiffs Cotton and Ballintine agreed with defendants Frank E. Moody, Eaton and Knoblock to do something in the way of disposing of the treasury stock and raising funds with which to develop the property and put it upon a paying basis. As to the terms of this agreement, there is serious conflict in the testimony. The court below found that it was too indefinite and vague to admit of its specific enforcement by the court.

Pursuant to the agreement, the several parties made the conveyances agreed to be made by them,

the deed for the Miser group being executed by Moody and Knoblock and by Moody for Eaton as attorney in fact.

Upon this deed being delivered, the form of the certificate of acknowledgment was objected to by the attorney for the company, and it was returned to Frank E. Moody for correction, and to be recorded when the correction had been made.

Moody held the deed for some time and while it was in his possession permitted Knoblock to mutilate it by tearing off the signatures.

Plaintiff Ross was advised of the agreements made by the several promoters previous to the organization of the company, by which the several mining claims were to be conveyed to the company, and agreed to take 48,000 shares of the stock, for which he would pay one thousand dollars to defray the expense of incorporating and organizing the company and to liquidate the indebtedness of the Nebraska company which, it was contended, could be made a lien upon the Miser group. After seeing the deeds delivered to the company, he furnished this money and received a certificate for his stock.

The 40,000 shares of stock were issued to Eaton on the 29th of September, 1900, immediately after the delivery of the deeds, and on the 27th of November following, which was about the time of the destruction of the deed by Knoblock, Eaton returned the stock and sent a written notice to the company that he recalled "any and all deed or deeds which may have been executed by my authority, express or implied."

Defendants Knoblock and Frank E. Moody complained to Cotton and Ballintine that they had failed to finance the concern according to their agreement. They replied that defendants had placed it beyond

their power to do so by their refusal to return the deed.

Finally, it appeared that the entire property could be sold for sixty thousand dollars if the deed was returned, whereupon Knoblock contended that the amount of stock which he and Moody and Eaton were to receive according to the trust agreement was too small, and that they should be given a greater proportion. This was not agreed to, and shortly thereafter the deed was destroyed.

Plaintiffs then brought this action to obtain a decree that plaintiff company was the owner of the property, and to compel the execution of a new deed.

Defendants Clarence Moody, Nye and the Nebraska company answered, admitting the allegations of the complaint.

Defendants Knoblock, Eaton and Frank E. Moody filed their separate answers, in which they admitted many of the material allegations of the complaint, but denied the actual delivery of the deed, and then allege their version of the contract made by Cotton and Ballintine previous to the organization of the company and defendants' subsequent breach, and pray for the dismissal of the suit.

The cause was tried by the court, who found that the deed was delivered, but that the contract made by Cotton and Ballintine prior to the organization of the company was too vague to admit of specific performance being compelled, and dismissed the suit. Plaintiffs appeal.

Even though the contract made by Cotton and Ballintine previous to the organization of the company would bear the construction placed upon it by defendants, and even though it was binding upon the corporation and plaintiffs Ross and Nye, defendants could not be heard to complain of its violation; because the breach, if one there was, was brought

about by defendants' failure to return the deed.  The Miser group of mines represents a very material portion of the assets of the company, and it would have been a fraud to sell stock in a corporation where the corporate property was so withheld by a portion of the stockholders.

The contract made between plaintiffs Cotton and Ballintine and defendants Frank E. Moody, Knoblock and Eaton, was made prior to the organization of the corporation.  Neither the corporation nor plaintiff Ross were parties to it, and they are in no way responsible for the default, if any, of the two plaintiffs, in the performance of its conditions.

The corporation cannot be bound by a contract between promoters previous to its organization.—5 Current Law 771.

The various conversations had by plaintiffs Cotton and Ballintine, and defendants Moody and Knoblock, previous to the organization of the company, could not place any burden upon the company to see that the agreement of Cotton and Ballintine was performed.  It was not yet in existence.  It had no being which could agree to do, or not to do, anything. —*Jones v. Smith,* 87 S. W. 210; *Merrick v. Consumers' Heat and Electric Co.,* 111 Ill. App. 153.

Cotton and Ballintine did not act as the representatives of the corporation, because it was not yet created.  There can be no representative or agent of a person not *in esse.*—*Jones v. Smith, supra.*

According to the testimony of defendants, Cotton and Ballintine were to receive a certain portion of the trust stock in consideration of the transfer by them of their interest in certain mining claims, and also of their performance of an agreement in relation to the disposing of the treasury stock.  The conveyance of the Miser group to the corporation was made in consideration of the issuance of capital

stock.  The consideration passed from the corpora-
tion, and the title passed to the corporation.  We can
find nothing in the facts or in the law which will war-
rant the defendants in destroying the conveyance of
the company's title, because certain of the promoters
of the company had failed to do that which it was
claimed they had agreed to do.

Upon the execution and delivery of the deed,
the title of the property became vested in the corpo-
ration, and the subsequent destruction of the deed
did not and could not be made to operate as divest-
ing the grantee of its title, nor to reinvest it in
the grantors.—*Parker v. Kane,* 4 Wis. 1; *Morgan v.
Elam et al.,* 12 Yerg. 375; *Warren v. Tobey,* 32 Mich.
45; *Rogers v. Rogers,* 53 Wis. 36; *Hyne v. Osborn,*
62 Mich. 235; *Brady v. Huff,* 75 Ala. 80; *Albert v.
Burbank,* 25 N. J. Equity 404; *Killey v. Wilson,* 33
Cal. 690; *Jeffers v. Philo,* 35 Ohio State 173.

Where an unrecorded deed after delivery is
fraudulently destroyed by the grantor, the title to
the property is in no wise destroyed.  The deed was
but an evidence of title, and a thing cannot be obliter-
ated simply by the destruction of one of the means
of determining its existence.  Inasmuch as the deed
is the best evidence of title, as well as the most con-
venient to produce, where it has been destroyed by
the grantors before recording, they will be decreed
to execute another in its stead.—*Edwards v. Dickin-
son,* 102 N. C. 519; *Tyson v. Harrington,* 41 N. C. 329.

Besides the grantee in this deed and plaintiffs
Cotton and Ballintine, plaintiff Ross and defendants
Clarence Moody and Nye, as stockholders, had valu-
able interests in the property after its conveyance
to the corporation, and these interests could not be
taken away from them because of a dispute or dis-
agreement between the parties above named.  When
the deed was returned to Moody, he held it in trust

for·this corporation, and he and his associates. will not be permitted to violate that trust by the destruction of the evidence of title to the property.

If Cotton and Ballintine have failed to perform any agreement which they made, and these defendants are made to suffer, they have their appropriate remedy against the parties in default, but, in pursuing that remedy, they may not deprive those who were not parties to the agreement of their property.

For the reasons above stated, the judgment of the district court will be reversed, and the cause remanded, with instructions to render a decree according to the prayer of the complaint.

*Reversed and remanded.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.