FRANK WALDO ET AL. v. W. L. WILSON.

(Filed 30 May, 1917.)

1. **State's Lands—Grants—Regularity.**

   A grant is regular upon its face when the record discloses that it was duly entered and surveyed, and bonds for the purchase money filed as required by law, which was subsequently paid by the assignee of the surety of the purchaser and issued to the one under whom a party to the controversy claims title.

2. **Same—Same Entry.**

   Where the parties to a controversy to recover lands claim under a senior and junior grant based upon the same entry, the latter may not claim that the land was not open to entry at the time; and the oldest grant will take priority unless it is successfully attacked, which cannot be done collaterally for irregularity or fraud.

3. **State's Lands—Grants—Presumptions—Collateral Attack—Fraud—Trusts and Trustees.**

   There is a presumption that a grant of State's lands, regular on its face, is valid, required by law, has been taken, and a senior grant may be attacked for fraud by an adverse claimant, that being a matter for the State, his remedy being to have the grantee declared a trustee for his benefit.

44—173

**4. State's Lands—Limitation of Actions—Adverse Possession—Diminutive Extent—Color—Grants—Deeds and Conveyances.**

> Occupation by an adjoining owner of a very small part of lands claimed by another, as a fiftieth part of an acre from a 640-acre tract, does not presume such adverse possession of the larger tract as will ripen title under color of a deed or grant, and the issue was, in this case, properly left to the jury under a charge of the court which was approved on appeal.

CIVIL ACTION to recover certain lands tried at September Term, 1916, of GRAHAM, before *Harding, J.,* upon these issues:

1. Are the plaintiffs the owners and entitled to the possession of the lands described in the complaint? Answer: "No."

2. Is the defendant's possession of said land unlawful and wrongful? Answer: "No."

3. What damage, if any, are the plaintiffs entitled to recover? Answer:

4. Is the defendant the owner and entitled to the possession of the lands described in this answer? Answer: "Yes."

From the judgment rendered, plaintiffs appealed.

*James H. Merrimon, J. S. Adams for plaintiffs.*
*Martin, Rollins & Wright for defendant.*

BROWN, J. This action is brought to recover damages for a trespass upon a certain tract of land described as Entry No. 6317, Grant No. 8032, plaintiffs alleging that they are the owners in fee and in possession of said tract, and that defendant has wrongfully entered and cut valuable timber growing thereon. Plaintiffs further aver that defendant claims an interest in said land adverse to plaintiffs, which pretended claim of title constitutes a cloud on plaintiffs' title and prevents them from selling or disposing of the same.

The defendant denies the unlawful trespass, sets up title to and possession of the land, and pleads statute of limitations.

The plaintiffs claim the land under Grant No. 8032, dated 30 March, 1887, issued to plaintiffs on Entry 6317. Defendant claims the land under Grant 3093, dated 14 March, 1877, issued on same Entry 6317 to Joseph L. Stickney, and by mesne conveyances from him to defendant.

The plaintiffs make two contentions:

1. That the grant under which defendant claims the land is void, and that the court should have so declared.

2. That plaintiffs have been in adverse possession of the lands covered by defendant's grant or entry 6317 under color of title for more than seven years prior to commencement of this action.

We fail to see the force of plaintiffs' contention that the defendant's grant is void and that the court should have so declared.

The grant appears to be regular, so far as the record discloses. The lands were duly entered and surveyed and bonds for the purchase money filed as required by law, and the purchase money paid 15 April, 1865.

There is evidence that this payment was made by the assignee of the surety of David Christy, purchaser, and the grant issued to Joseph L. Stickney under whom the defendant claims in pursuance of such payment and assignment.

It cannot be denied by plaintiff that the land was open to entry and that the entry was legal, for he bases his grant upon the same entry. As the defendant's grant is oldest and based upon the same entry, it will take priority unless it is successfully attacked, and that cannot be done collaterally, as is now attempted. A grant cannot be attacked collaterally for fraud *or irregularity.* There is a presumption that a grant is valid and that all preliminary steps have been taken which are required by law. *Westfelt v. Adams,* 159 N. C., 420.

The rules regulating the issue of patents by the State are directory, and a compliance with them is presumed. As said by *Chief Justice Marshall:* "That every prerequisite has been performed is an inference properly deducible and which every man has a right to draw from the existence of the grant itself." *Polk v. Wendal,* 9 Cranche (U. S.), 87; *Stanmire v. Powell,* 35 N. C., 312; *Janney v. Blackwell,* 138 N. C., 439.

It is true that a junior grantee may collaterally attack a senior grant in cases where the land was not open to entry and grant at the time the senior grant was issued, but both grants were issued on same entry, and if the land was not open to entry when entered, both grants would be void. This could not help plaintiffs, for the burden is on them to show a valid title to the land.

There are no allegations of fraud set out in the complaint, and if there were, plaintiffs could not attack the issuing of the senior grant for fraud. That is a matter for the State. *Crow v. Holland,* 15 N. C., 417; *Henry v. McCoy,* 131 N. C., 586.

If plaintiffs ever had a remedy against defendant it was an action based upon proper pleadings to have defendant declared a trustee for their benefit, and such action must have been brought within ten years of registration of the senior grant. *Ritchie v. Fowler,* 132 N. C., 789; *McAden v. Palmer,* 140 N. C., 259.

His Honor properly instructed the jury that although plaintiffs' grant was junior, it was good as color of title, and that if plaintiffs had been in adverse and continuous possession, open and notorious, of the land covered by it for seven years preceding the commencement of the action they should find the first issue for them.

It must be admitted that the evidence of adverse possession is not very satisfactory, but as the judge submitted it to the jury, and they found against plaintiffs, we are not called upon to pass on its sufficiency.

There was evidence that plaintiffs' cattle in varying numbers ranged over the land covered by 6317 and upon any other uninclosed lands, and that the cattle and hogs of others ranged over same lands. The lands were not fenced, and the cattle ranged at will. Also, that plaintiffs cut some timber on those lands and put up some trespass notices. There was also evidence that said entry adjoins Entries 376 and 1002, both older than 6317, and that plaintiffs had a valid title to the lands covered by them.

There was evidence offered by the plaintiff tending to show that if the line of 376 was located as surveyed by the witness Denton, then a portion of a field cleared in 1895 and used by the plaintiffs' tenant extended over into Entry 6317, and covered a very small portion thereof, estimated by one witness to be one twenty-fifth of an acre; and there was further evidence that if the line of 376 was located as surveyed by the witness Crisp, then about one-fiftieth of an acre of the field along 376 and 1002 extended over into 6317. There was evidence of a marked line running between Entry 1002 and Entry 376, and then extending on north between Entry 376 and Entry 6317 to a black oak a short distance west of a corner of Entry 376 as laid down on the plat, and that if this marked line was the true line of 376, then no part of the field referred to was situated on 6317.

The plaintiffs' witnesses describe No. 6317 as "a rough mountain land, most of it being open woods. It is a well timbered tract and not suitable for agricultural purposes."

We do not think the actual possession of so minute a part of a 640 acre tract as the little clearing described by plaintiffs' witness Denton was of itself necessarily notice to defendants that plaintiffs claimed adversely the entire tract.

The possession of this little clearing may have been accidental, or unintentional, growing out of some error in running the division line, and with no purpose to claim title to the whole. If so, such possession would not be adverse and would not constitute a disseisin. *Parker v. Banks,* 79 N. C., 480; *Snowden v. Bell,* 159 N. C., 497.

Upon this evidence the court properly and clearly instructed the jury as follows:

"If the jury find from the testimony that the plaintiffs' alleged possession of the small field near the corner of 1002 extended to the extent of one-twenty-fifth part of an acre or less into the boundary of 6317, and the jury further find that such possession of the plaintiffs was accidental or unintentional, and taken and held with no intent and purpose to

claim title to the lands in controversy by reason of such possession, then they will find that such possession was not adverse to the defendant nor sufficient to vest title in the plaintiffs to the land in dispute.

"When two persons own adjoining land and one runs the fence so near the line as to induce the jury to find that any slight encroachment was inadvertently or unintentionally made, and that it was the purpose to run the fense on the line, the possession constituted by such inclosure may be regarded as permissive, and not adverse even for the land inside the inclosure. (*Green v. Harman*, 15 N. C., 163.)

"If the possession taken by the plaintiffs under their claim of title at or near the corner of 1002 was of a portion of the lands covered by the defendant's paper title so very minute that the true owner in the exercise of ordinary diligence might remain ignorant that such possession included his land, or might fairly mistake the character of the possession and the intention of the occupants, then the jury may, if they are so satisfied from all the evidence, find that such possession of so small a part of the land in dispute was not adverse to the true owner.

"If you find from the testimony and by its greater weight that the extent of the possession of the plaintiffs and their agents, if any possession they had of any part of the land covered by Entry 6317 at or near the corner of Entry 1002 was so limited or small as to afford a fair presumption that the plaintiffs' agents and tenants mistook their boundaries or did not intend to set up a claim within the lines of the grant or deeds under which the defendant Wilson claims, then you would be justified in finding that such possession was not adverse."

It is well settled that where the possession is so limited in area as to afford a fair presumption that the party mistook his boundaries and did not intend to set up a claim within the lines of the other's deed, it is proper ground for presuming that the possession is not adverse. *Bynum v. Carter*, 26 N. C., 310, 314; *King v. Wells*, 94 N. C., 344; *Green v. Harman*, 15 N. C., 158; *McLean v. Smith*, 106 N. C., 172, 181; *Currie v. Gilchrist*, 147 N. C., 654.

The contentions of the plaintiffs upon this feature of the case were clearly stated to the jury, but it is unnecessary to quote more fully to show that the court correctly understood and charged the nature and legal effect of such limited possession.

We have examined the fifty-two exceptions assigned as error, and we find nothing to justify another trial.

No error.