FRANK WALDO ET AL. v. W. L. WILSON.

(Filed 28 November, 1917.)

1. **Appeal and Error—Instructions—Adverse Possession—"Color."**

The adverse possession to ripen title to land under "color" by known and visible lines and boundaries is not required to be for "more than seven years next preceding the commencement of the action"; and where the court several times has repeated this error in his charge, with correct instructions in other parts thereof, so that it may not be seen which exposition of the law the jury has accepted, it will be held for prejudicial and reversible error.

2. **Same — Limitation of Actions — Evidence—Disseizin—Entry—Burden of Proof—Trials.**

A dispossession and continued adverse possession of lands for seven years under color amounts to a disseizin, and an instruction that the burden of proof is upon the party thus claiming to show "a tortious entry and actual expulsion" is reversible error.

3. **Limitation of Actions — Adverse Possession — Deeds and Conveyances — Outer Boundaries—Constructive Possession.**

Where, in an action to recover lands, the defendant introduces evidence tending to show actual occupancy and possession of a small part of the lands claimed under color of a sufficient instrument, giving metes and bounds, with evidence that the possession extended to the outer boundaries given, the question is one for the jury, under a correct charge from the trial judge.

PETITION to rehear the above entitled case, reported 173 N. C., p. 689.

*James H. Merrimon and Merrimon, Adams & Johnson for plaintiff. Martin, Rollins & Wright for defendant.*

BROWN, J. When this appeal was first before this Court we said that the plaintiffs make two contentions:

1. That the grant under which defendant claims is void.

2. That plaintiffs have been in adverse possession under color for seven years prior to the commencement of the action.

We adhere to our former opinion upon the first contention, for the reasons and upon the authorities therein given.

We are, however, of opinion, upon a careful reëxamination of the record, that our conclusion reached upon the review of the second contention is erroneous. We were advertent to errors in the charge upon this branch of the case; but taking the charge as a whole, we thought the jury were probably not misled and the plaintiffs not seriously prejudiced.

After a more critical examination of the charge, and further reflection, we are now of opinion that the errors in it were serious and very likely to mislead the jury, to plaintiff's detriment.

The court charged the jury that plaintiffs must show by the greater weight of the evidence that they have been in adverse possession under known and visible lines and boundaries "for *more* than seven years *next* preceding the commencement of the action." This charge is erroneous. The possession need not be *next* preceding the commencement of the action, and it need not continue for *more* than seven years continuously. This error was repealed during the charge, although in reference to this the court also charged correctly.

Amid these conflicting instructions upon a vital matter, we think it likely the jury were confused. We are unable to tell by which rule they were governed (*Raines v. R. R.,* 169 N. C., 193), and we cannot with certainty know that they were not influenced by the error. *Horton v. R. R.,* 162 N. C., 424.

Another assignment of error is to the charge: "That an adverse possession sufficient to divest title is where one enters on land intending to usurp possession and to oust another of his freehold; and to constitute an actual disseizin, or one in fact, there must be a tortious entry *and actual expulsion.* A disseizin and adverse possession is an actual, visible, and exclusive appropriation of land, commenced and continued under a claim of right; the claim must be adverse and accompanied by such an invasion of the rights. of the opposite party as to give him a cause of action. It is the occupation with an intent to claim against the true owners which renders the entry and possession adverse. And if the plaintiffs have failed to satisfy you by the preponderance or greater weight of the evidence that they have had seven years' continuous adverse possession of 6317, or a part thereof, of the kind and character described, it would be your duty to answer the first issue 'No.'"

As observed by the learned counsel for plaintiff in his brief, "This charge contains abstract questions that have no application."

A freeholder can be disseized of his seizin by dispossession, aided by the law which takes away his right of entry. *Tyson v. Harrington,* 41 N. C., 334; *London v. Bear,* 84 N. C., 271.

In this State, under the statute, a dispossession and continued adverse possession for seven years amounts to a disseizin. The charge that the burden was imposed upon the plaintiffs to show at the outset that they had disseized the defendant by a *"tortious entry and actual expulsion"* was erroneous and misleading. We find that there was no attempt to correct this error. The jury might well have concluded that there must have been an actual expulsion of defendant from the land before plaintiff could acquire an adverse possession. It is now insisted by defendant that there is no sufficient evidence of adverse possession, and that therefore these errors are harmless. As the point was not before us, we did not pass on it.

There is a brief statement of most of the evidence in the former opinion. There is evidence of an actual occupancy, *possessio pedis,* of a very small part of 6317 which defendant undertakes to explain, but that is a question for the jury. The adverse and unexplained possession of so small part may not give title to the whole tract, but, coupled with all the other evidence in the record, we think, under our decisions, that, taken as a whole, the evidence is sufficient to go to the jury that they may, under a correct charge, draw their own conclusions from it. *Locklear v. Savage,* 149 N. C., 236; *McLean v. Smith,* 106 N. C., 172; *Hamilton v. Icard,* 114 N. C., 538; *Bryan v. Spivey,* 109 N. C., 67; *Osborne v. Johnson,* 65 N. C., 26; *Lenoir v. South,* 32 N. C., 241; *Christman v. Hilliard,* 167 N. C., 7.

The petition to rehear is allowed and a new trial ordered.

Petition allowed.