JOHN R. WILLIAMSON AND WIFE, NOEL T. WILLIAMSON v. PERCY N. VANN AND WIFE, JOSEPHINE VANN

No. 784SC849

(Filed 7 August 1979)

1. **Adverse Possession § 24— evidence of intent to steal land—defendants not prejudiced**

In an action to establish the true boundary line between the parties' property where defendants claimed adverse possession, defendants were not prejudiced by the plaintiffs' question as to whether a witness had ever heard

defendants' predecessor in title say that she was stealing the land in question, since (1) counsel for plaintiffs merely was attempting to elicit a response from the witness concerning whether defendants' predecessor ever acknowledged t'1at she intended to take the property in question as her own, and the question thus struck at the heart of the issue presented at trial; (2) on a subsequent occasion where counsel for plaintiffs asked a similarly phrased question, the trial court on its own motion and in the presence of the jury cautioned plaintiff's counsel that the implicit criminal characterization of adverse possession was improper since the acquisition of title by adverse possession is a legally recognized procedure; and (3) by failing to object to a similar line of questioning of subsequent witnesses, defendants effectively waived their right to object to such questioning.

2. **Adverse Possession § 25.3— possession under mistaken belief of ownership—instruction required**

In an action to declare the true boundary line between the parties' property where defendants claimed adverse possession, there was sufficient evidence to support the trial court's instructions concerning the rule of law with respect to the occupation of another's land under the mistaken belief that it belongs to the person occupying the land.

APPEAL by defendants from *Reid, Judge*. Judgment entered 11 April 1978 in Superior Court, SAMPSON County. Heard in the Court of Appeals 30 May 1979.

Plaintiffs initiated this action seeking to establish the common boundary line between plaintiffs and defendants. Plaintiffs allege ownership of lots one through nine, Block A, of the W. M. Peterson Subdivision of the "Pugh Lands", recorded in book 888, page 324 of the Sampson County Registry. They alleged that defendants are the owners of the adjoining lot ten, and that their lot nine and defendants' lot ten have a common boundary. Plaintiffs allege that the true boundary between lot nine and lot ten begins at a common corner on Highway 24 and runs thence S. 02° 58′ 39″ E. 151.99 feet. This line is indicated as the boundary in the "Map of a Lot Subdivision for W. M. Peterson" dated April, 1928, which map is located in Map Book 1, page 86, of the Sampson County Registry. Plaintiffs pray that this line be established as the true boundary between plaintiffs' lot nine and defendants' lot ten. Defendants answered the petition averring that they and their predecessors in title have possessed a portion of the property claimed by plaintiffs under known and visible boundaries adversely to all persons for more than 20 years next preceding the commencement of this action. The action was transferred to the civil issue docket of the Sampson County Superior Court.

The evidence at trial indicated that the boundary line claimed by defendants was marked by a hedgerow beginning at the common corner in Highway 24 and running generally southward to a point 25 feet west of the point claimed by plaintiffs to be the southwestern corner of defendants' property. The boundary claimed by defendants constitutes a diagonal line bisecting lot nine from the northeast corner to the southwest corner. Defendants called numerous witnesses familiar with the property who testified that it was widely acknowledged in the community that the hedgerow was the common boundary and that the triangularly-shaped parcel in question had been tended by the owners of lot ten exclusively.

The case was submitted to a jury on the following issue: "Was the possession of the property by the defendants of such a character and of sufficient duration as to vest title in the property in the defendants?" The jury answered the issue "No". Defendants appeal.

*Paderick, Warrick, & Johnson, by Benjamin R. Warrick, for plaintiff appellees.*

*Louis Jordan for defendant appellants.*

MORRIS, Chief Judge.

Defendants have presented four assignments of error on appeal, two of which are directed to rulings on evidence and two of which are directed to the trial court's instructions to the jury. We will address the assignments of error in the order in which they are presented in the briefs.

[1] Defendants called as a witness Ophelia Blackmore who was familiar with the property in question, and who was an acquaintance of Annie Brewington Stevens, a predecessor in title to defendants and a resident of the house for nearly 40 years. She testified that around 1936 or 1937, the owner of the house once situated on lot nine, Mr. Fisher Smith, built a wire fence along the line now marked by the hedgerow. She testified that Mrs. Stevens' daughter later planted a hedgerow inside the fence and that Mrs. Stevens tended as her own that portion of lot nine now in question. On cross-examination by counsel for plaintiffs, the witness was asked, "Did you ever hear — did you ever hear Mrs.

Stevens say, point back to her flowers and that hedgerow and say, 'I'm stealing that land'?" Defendants' objection to the question was overruled and the witness responded, "She [Mrs. Stevens] thought the land was hers . . . [s]he thought that was the land she had purchased."

Defendants contend that plaintiffs' question improperly introduced into the case the element of criminal intent to steal. They assert, correctly of course, that criminal intent is not an essential element of establishing adverse possession. There is required only an intent to claim adversely to the true owner. *See Garris v. Butler*, 15 N.C. App. 268, 189 S.E. 2d 809 (1972). The unintentional possession of a tract of land or possession under the mistaken belief that it was embraced within the conveyance to the possessor will not constitute adverse possession. *Garris v. Butler, id.; see also Waldo v. Wilson*, 173 N.C. 689, 92 S.E. 692 (1917), *on rehearing*, 174 N.C. 626, 94 S.E. 442 (1917). However, we do not believe that the defendants were prejudiced by this testimony. First, counsel merely was attempting to elicit a response from the witness concerning whether Mrs. Stevens ever acknowledged that she intended to take that property as her own. An affirmative response would have negated the possibility of a mistake. Although imprecisely phrased in the legal sense, the question struck at the heart of the issue presented at trial: Was the property in question possessed under a mistaken belief that it was included in the deed description, or was the property being possessed by defendants and their predecessors in title in an actual, open, hostile, exclusive, and continuous manner? Second, we note that on a subsequent occasion where counsel for plaintiffs asked a similarly phrased question, the trial court on its own motion and in the presence of the jury cautioned plaintiffs' counsel that the implicit criminal characterization of adverse possession was improper since the acquisition of title by adverse possession is a legally recognized procedure. It is also true that the court's instructions properly defined the requisite intent to possess adversely as "a conscious intention to claim title to the land of the true owner". *See generally Bland v. Beasley*, 145 N.C. 168, 58 S.E. 993 (1907); *Garris v. Butler, supra*. Finally, by failing to object to a similar line of questioning of subsequent witnesses, defendants effectively have waived their right to object to such questioning. *See Highway Comm. v. McDonald*, 8 N.C. App. 56,

173 S.E. 2d 572 (1970); *see generally* 1 Stansbury's North Carolina Evidence § 30 (Brandis rev. 1973).

Defendants' second assignment of error is directed to the failure of the trial court, even in the absence of a special request, to instruct the jury that the question concerning the intent to steal was improper. Defendants contend such an instruction was necessary to insure that the jury was aware that an intent to steal was not required to establish adverse possession. We disagree. As we noted above, the trial court cautioned plaintiffs' counsel in the presence of the jury not to characterize the conduct necessary to establish adverse possession as "stealing". The jury must have understood that plaintiffs' characterization of adverse possession as "stealing" was not proper. Furthermore, the jury instructions which accurately defined the requisite intent necessary to establish adverse possession must have removed any possible confusion.

Defendants next assign error to a portion of the jury charge which they contend improperly summarized the evidence and was misleading to the jury. We initially note that the portion of the charge to which defendants except is a statement of the contentions of the plaintiffs, not a summary of the evidence. The court's summary, although perhaps at times awkwardly worded, is an accurate summary of the plaintiffs' contentions, and it could not have misled the jury. The summary properly states as plaintiffs' contention that even the testimony of defendants' own witnesses suggests that the defendants and their predecessors in title occupied that portion of the land in question out of a mistaken belief that it was included in the deed description of their lot ten.

[2] Finally, defendants contend that there was insufficient evidence in the record to support the trial court's instructions concerning the rule of law with respect to the occupation of another's land under the mistaken belief that it belongs to the person occupying the land. As noted above, the existence of such a mistake negates the requisite intent to establish adverse possession of property. Our reading of the record compels us to the conclusion that, not only was the instruction supported by the evidence, but that the trial court would have been in error if it had failed to instruct the jury on the issue of mistake. The record is replete with testimony which strongly suggests that the de-

fendants and their predecessors in title occupied the land in ques-
tion under a mistaken belief that that land was encompassed
within the description in their deed covering lot ten. G.S. 1A-1,
Rule 51, compels the trial judge to declare and explain the law
arising on the evidence. Where the evidence is susceptible of
several interpretations, it is incumbent upon the trial court to
give and explain the law on each variant interpretation which is
supported by a reasonable view of the evidence. *Foods, Inc. v.
Super Markets*, 288 N.C. 213, 217 S.E. 2d 566 (1975). Furthermore,
"where the possession is so limited in area as to afford a fair
presumption that the party mistook his boundaries and did not in-
tend to set up a claim within the lines of the other's deed, it is
proper ground for presuming that the possession is not adverse."
*Waldo v. Wilson*, 173 N.C. at 693, 92 S.E. at 694.

No error.

Judges HEDRICK and WEBB concur.