COOPERS & LYBRAND,
Plaintiff–Appellant,

v.

Garry J. FOX, Defendant–Appellee.

No. 85CA1809.

Colorado Court of Appeals,
Div. IV.

May 19, 1988.

As Modified on Denial of Rehearing
June 9, 1988.

Robert T. Lego, Denver, for plaintiff-appellant.

Brenman Raskin Friedlob & Tenebaum, P.C., John F. Reha, Denver, for defendant-appellee.

KELLY, Chief Judge.

In an action based on breach of express and implied contracts, the plaintiff, Coopers & Lybrand (Coopers), appeals the judgment of the trial court in favor of the defendant, Garry J. Fox (Fox). Coopers contends that the trial court erred in ruling that Fox, a corporate promoter, could not be held liable on a pre-incorporation contract in the absence of an agreement that he would be so liable, and that Coopers had, and failed to sustain, the burden of proving any such agreement. We reverse.

On November 3, 1981, Fox met with a representative of Coopers, a national accounting firm, to request a tax opinion and other accounting services. Fox informed Coopers at this meeting that he was acting on behalf of a corporation he was in the process of forming, G. Fox and Partners, Inc. Coopers accepted the "engagement" with the knowledge that the corporation was not yet in existence.

G. Fox and Partners, Inc., was incorporated on December 4, 1981. Coopers completed its work by mid-December and billed "Mr. Garry R. [sic] Fox, Fox and Partners, Inc." in the amount of $10,827. When neither Fox nor G. Fox and Partners, Inc., paid the bill, Coopers sued Garry Fox, individually, for breach of express and implied

contracts based on a theory of promoter liability.

Fox argued at trial that, although Coopers knew the corporation was not in existence when he engaged the firm's services, it either expressly or impliedly agreed to look solely to the corporation for payment. Coopers argued that its client was Garry Fox, not the corporation. The parties stipulated that Coopers had done the work, and Coopers presented uncontroverted testimony that the fee was fair and reasonable.

The trial court failed to make written findings of fact and conclusions of law. However, in its bench findings at the end of trial, the court found that there was no agreement, either express or implied, that would obligate Fox, individually, to pay Coopers' fee, in effect, because Coopers had failed to prove the existence of any such agreement. The court entered judgment in favor of Fox.

## I.

■ As a preliminary matter, we reject Fox's argument that he was acting only as an agent for the future corporation. One cannot act as the agent of a nonexistent principal. *Miser Gold Mining & Milling Co. v. Moody*, 37 Colo. 310, 86 P. 335 (1906).

■ On the contrary, the uncontroverted facts place Fox squarely within the definition of a promoter. A promoter is one who, alone or with others, undertakes to form a corporation and to procure for it the rights, instrumentalities, and capital to enable it to conduct business. *Goodman v. Darden, Doman & Stafford Associates*, 100 Wash.2d 476, 670 P.2d 648 (1983); 1A W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 189 (rev. perm. ed. 1983).

■ When Fox first approached Coopers, he was in the process of forming G. Fox and Partners, Inc. He engaged Coopers' services for the future corporation's benefit. In addition, though not dispositive on the issue of his status as a promoter, Fox became the president, a director, and the principal shareholder of the corporation, which he funded, only nominally, with a $100 contribution. Under these circumstances, Fox cannot deny his role as a promoter.

## II.

■ Coopers asserts that the trial court erred in finding that Fox was under no obligation to pay Coopers' fee in the absence of an agreement that he would be personally liable. We agree.

■ As a general rule, promoters are personally liable for the contracts they make, though made on behalf of a corporation to be formed. *Quaker Hill, Inc. v. Parr*, 148 Colo. 45, 364 P.2d 1056 (1961). The well-recognized exception to the general rule of promoter liability is that if the contracting party knows the corporation is not in existence but nevertheless agrees to look solely to the corporation and not to the promoter for payment, then the promoter incurs no personal liability. *Quaker Hill, Inc. v. Parr, supra; Goodman v. Darden, supra.* In the absence of an express agreement, the existence of an agreement to release the promoter from liability may be shown by circumstances making it reasonably certain that the parties intended to and did enter into the agreement. *Goodman v. Darden, supra; see Quaker Hill, Inc. v. Parr, supra.*

Here, the trial court found there was *no* agreement, either express or implied, regarding Fox's liability. Thus, in the absence of an agreement releasing him from liability, Fox is liable.

## III.

Coopers also contends that the trial court erred in ruling, in effect, that Coopers had the burden of proving any agreement regarding Fox's personal liability for payment of the fee. We agree.

■ Release of the promoter depends on the intent of the parties. As the proponent of an alleged agreement to release the promoter from liability, the promoter has the burden of proving the release agreement. *Goodman v. Darden, supra; see Quaker Hill, Inc. v. Parr, supra.*

Fox seeks to bring himself within the exception to the general rule of promoter liability. However, as the proponent of the exception, he must bear the burden of proving the existence of the alleged agreement releasing him from liability. The trial court found that there was no agreement regarding Fox's liability. Thus, Fox failed to sustain his burden of proof, and the trial court erred in granting judgment in his favor.

### IV.

It is undisputed that the defendant, Garry J. Fox, engaged Coopers' services, that G. Fox and Partners, Inc., was not in existence at that time, that Coopers performed the work, and that the fee was reasonable. The only dispute, as the trial court found, is whether Garry Fox is liable for payment of the fee. We conclude that Fox is liable, as a matter of law, under the doctrine of promoter liability.

Accordingly, the judgment is reversed, and the cause is remanded with directions to enter judgment in favor of Coopers & Lybrand in the amount of $10,827, plus interest to be determined by the trial court pursuant to § 5–12–102, C.R.S. (1987 Cum. Supp.).

TURSI and METZGER, JJ., concur.